IN THE MATTER OF THE APPLICATION OF JESSE M.
MERTON FOR A WRIT OF HABEAS CORPUS.

No. 4817

October 14, 1964                                     395 P.2d 766

*James C. Martin*, of Carson City, for Petitioner.

## OPINION

*Per Curiam*:

Jesse M. Merton, petitioner above named, heretofore applied to Honorable Frank B. Gregory, Judge of the First Judicial District Court of the State of Nevada, in and for the County of Ormsby, for a writ of habeas corpus, claiming that he was unlawfully detained in the state penitentiary by reason of the fact that he was mentally incapable of understanding his plea of guilty to the charge of burglary in the District Court of the Second Judicial District, in and for the County of Washoe, whereunder he was adjudged guilty and sentenced to a term in the state penitentiary for not less than one nor more than fourteen years; that at the time of his plea he was suffering "from severe aphasia"

and was entirely lacking of understanding of the proceedings in court. At the time he pleaded guilty of said charge of burglary he was represented in court by his attorney Fred Nelson. The trial judge in said proceeding, being No. 202258 in said Second Judicial District Court, Honorable Thomas O. Craven, had prior thereto postponed his trial upon a written statement filed by a psychiatrist Dr. Leslie H. Gould. However, petitioner alleges that a few days later, without prior consultation with Dr. Gould or Mr. Nelson, petitioner was called into court in the same mental condition and entered a plea of guilty.

Judge Gregory of said First Judicial District Court filed an opinion reciting, among other things, the following:

"It clearly appears to the Court, the Petitioner having been represented by counsel at the trial hereof, which was interrupted during the course thereof by a plea of 'guilty,' that the Petitioner was not so seriously injured prior to his trial as to render him mentally unfit to participate thereto, and to fully assist his counsel, and that his attorney so believed or he would have asked the discontinuance of the trial, for purposes of requesting a mental examination of the Petitioner, as by law provided.

"The Court finds that the Petitioner, during the course of his trial, knew that he was on trial for Burglary in the First Degree, and that his plea of 'guilty' entered during the course of a trial, by which the same was terminated, was an informed and knowledgeable decision on his part, entered with the full assent of his attorney.

"The Court further finds, that District Judge Craven had jurisdiction over the Petitioner and over the cause when he entered the Judgment and Order of Commitment on May 22, 1963, after acceptance of the plea, and finds that the Petitioner is, therefore, legally held in custody by the Warden of the Nevada State Prison."

He was thereupon denied relief, the alternative writ was quashed, and the prisoner was remanded to the custody of the warden of the Nevada State Prison until

discharged pursuant to law. Upon the hearing of said writ before Judge Gregory, he was represented by attorney James C. Martin appointed for that purpose.

The petitioner took no appeal from the denial of the writ by Judge Gregory but permitted the statutory time for such appeal to elapse. He thereafter filed his original petition in this court. We entered an order permitting him to appear in forma pauperis. Subsection 1, 2, and 3 of NRS 34.380 read as follows:

"1. The writ of habeas corpus may be granted by each justice of the supreme court or judges of district courts at any time; provided:

\* \* \* \* \*

"2. When an application is made to a justice of the supreme court for a writ of habeas corpus and the same shall be entertained by the justice, or the supreme court, and thereafter denied, the person making such application shall not have the right, nor the power, to submit thereafter an application to the district judge of the district wherein such applicant is held in custody, nor to any other district judge in any other judicial district of the state, which application shall be premised upon the illegality of the same charge upon which such applicant is held in custody.

"3. An applicant who has petitioned the district judge of a judicial district, as provided in this chapter, and whose application for such writ is denied, may appeal to the supreme court from the order and judgment of the district judge or district court refusing to grant the writ or to discharge the applicant, but such appeal shall be taken within 30 days from the day of entry of the order or judgment."

As noted, subsection 1 of NRS 34.380 provides that the writ may be granted by each justice of the supreme court, and subsection 3 of said section provides for an appeal to the supreme court from the denial of a writ by a district judge or district court, but that appeal shall be taken within 30 days from entry of the order or judgment.

This court is of the opinion that when the legislature amended the habeas corpus statute to provide for an

438

appeal to the supreme court from a denial of the writ by a district judge, this remedy precluded an additional and independent application for a writ of habeas corpus to a justice of the supreme court where no new grounds are asserted and where he did not avail himself of the right of an appeal to this court.

The present application is denied and the proceedings dismissed.