PHIL ROVENTINI, INDIVIDUALLY AND DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF STATE MOTORS, PETITIONER, v. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, THE HONORABLE FRANK B. GREGORY, DISTRICT JUDGE, RESPONDENT.

No. 4990

November 16, 1965          407 P.2d 725

---

*Richard P. Wait* and *Roger L. Erickson,* of Reno, for Petitioner.

*Peter Echeverria* and *Alfred H. Osborne,* of Reno, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

This is an original proceeding in mandamus by which the petitioner, Roventini, seeks to compel the District Court to set aside a clerk's entry of default in a tort action for damages. We rule that the extraordinary remedy of mandamus is not here available and refuse to issue the writ.[1]

---

[1]Roventini sought either mandamus, certiorari, or prohibition. However, during oral argument he selected mandamus. Accordingly, we limit our discussion to that writ, though we think the others equally inappropriate.

A writ of mandamus may issue to compel the performance of an act which the law especially enjoins as a duty resulting from office, if there is not a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.160–34.170. The permissible exercise of discretion by a court does not fall within the statutory words, "the performance of an act which the law especially enjoins as a duty resulting from office." Wilmurth v. District Court, 80 Nev. 337, 393 P.2d 302 (1964); Pinana v. District Court, 75 Nev. 74, 334 P.2d 843 (1959); State v. McFadden, 46 Nev. 1, 205 P. 594 (1922). We are not aware of any authority holding that a district court is without discretion to rule upon a motion to vacate a clerk's entry of default and must act mechanically to grant the motion. Indeed, the pertinent rule by clear language invests the court with discretion. NRCP 55(c) reads: "For good cause shown the court may set aside an entry of default * * *." Nor has relief, plain, speedy and adequate, been precluded by the lower court's ruling. Roventini may suffer default judgment to be entered, move to set it aside under NRCP 60, and if unsuccessful, appeal therefrom. Hotel Last Frontier v. Frontier Properties, Inc., 79 Nev. 150, 380 P.2d 293 (1963).

The petitioner suggests that our holding in Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964), controls here. Dzack is inapposite. There, by mandamus, we forced the district court to enter summary judgment because, inter alia, the summary judgment rule provides that judgment "shall" be entered in certain circumstances. The mandatory word "shall" was deemed by the majority of the court to destroy discretion if those circumstances were present. That word cannot be found in NRCP 55(c) which governs this case.

With these principles in mind it is not useful to recite the facts surrounding Roventini's failure to respond to the plaintiff's complaint in time, which facts were, of course, presented to the District Court when it ruled

upon the motion to vacate the entry of default. That motion called for an exercise of the District Court's discretion and is not subject to review by mandamus.

Writ denied and petition dismissed.

BADT, J., and ZENOFF, D. J., concur.