JEROME PETER KUK, Petitioner, v. WARDEN,
NEVADA STATE PRISON, Respondent.

No. 5296

February 15, 1967 423 P.2d 675

*Jerome Peter Kuk,* in Proper Person.

## OPINION

*Per Curiam:*

Petitioner seeks an original writ of habeas corpus in proper person and forma pauperis from this court asking that he be discharged from the restraint of the warden of the Nevada State Penitentiary. We deny issuance of the writ.

Petitioner was convicted in the Eighth Judicial District Court of Clark County, Nevada, of the crime of murder in the first

degree. The jury fixed his penalty at life imprisonment without possibility of parole. The conviction was upheld upon appeal to this court. Kuk v. State, 80 Nev. 291, 392 P.2d 630 (1964). Thereafter the Nevada Board of Pardons commuted his sentence to life imprisonment with possibility of parole.

He petitioned for habeas corpus to the United States District Court for the District of Nevada. On June 27, 1966 an order was entered dismissing the petition on three grounds for failure to exhaust state remedies, namely: (1) involuntariness of statements and confessions introduced at trial because of insanity; (2) the confession should have been excluded because made in the absence of counsel; and (3) that certain comments made by the prosecuting attorney during closing argument infringed his rights against self-incrimination, thereby depriving him of a fair trial. It was denied on a fourth ground where he claimed that adverse and prejudicial newspaper publicity deprived him of a fair trial because the point had been considered and rejected by this court in Kuk v. State, supra.

Simultaneously petitioner sought habeas corpus from the First Judicial District Court of Ormsby County, Nevada, on the same grounds urged to the United States District Court. Counsel was appointed for him as an indigent person, the writ issued and a hearing held. The trial court refused to make the writ permanent and dismissed the proceeding. No appeal was taken by petitioner to this court from that order as he was entitled to do by NRS 34.380(3), which reads:

"3. An applicant who has petitioned the district judge of a judicial district, as provided in this chapter, and whose application for such writ is denied, may appeal to the supreme court from the order and judgment of the district judge or district court refusing to grant the writ or to discharge the applicant, but such appeal shall be taken within 30 days from the day of entry of the order or judgment."

In the present petition, petitioner again urges the same points made to the United States District Court and the First Judicial District Court of Ormsby County, Nevada, with one addition. He further contends that following receipt of the opinion of the sanity commission, finding him sane and able to assist counsel in defense of the offense charged, he was not tried within 60 days thereafter as directed by NRS 178.460(1)[1] He

---

[1]1. Upon receiving the report, findings and opinion of the sanity commission, and if the decision is that the person examined then and there:

"(a) Knew the difference between right and wrong;

"(b) Understood the nature of the offense charged; and

"(c) Was of sufficient mentality to aid and assist counsel in defense

did not raise the point in his appeal to this court from conviction in the trial court, but seeks now to attack it collaterally.

In Ex parte Merton, 80 Nev. 435, 437–438, 395 P.2d 766 (1964), this court said:

"This court is of the opinion that when the legislature amended the habeas corpus statute to provide for an appeal to the supreme court from a denial of the writ by a district judge, this remedy precluded an additional and independent application for a writ of habeas corpus to a justice of the supreme court where no new grounds are asserted and where he did not avail himself of the right of an appeal to this court."

Thus, on the points (1) through (4) mentioned above, petitioner is not entitled to further consideration by habeas corpus.

We said in Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966): "The Nevada Constitution does not contain a speedy and public trial provision. The Sixth Amendment to the Federal Constitution does. It reads: 'In all criminal prosecutions the accused shall enjoy the right to a speedy and public trial.' However, this part of the Sixth Amendment has not been extended to state court cases (Gaines v. Washington, 277 U.S. 81 (1927), on public trial; Phillips v. Nash, 311 F.2d 513 (7th Cir. 1962); In re Sawyer's Petition, 229 F.2d 805 (7th Cir. 1956); State v. Squier, 56 Nev. 386, 54 P.2d 227 (1936); Cooper v. State, 196 Kan. 421, 411 P.2d 652 (1966)), because due process, being primarily concerned with the fairness of the trial itself, has not yet been regarded as applicable to pretrial delay. Accordingly, we are not faced with a habeas application bottomed upon a constitutional violation." The issue in that case concerned failure to observe the 60-day rule for trial

---

of the offense charged, or to show cause why judgment should not be pronounced, the district judge shall within 10 days forward to the district judge of the district court committing the person charged with the public offense to the Nevada state hospital, and to the district attorney of the proper county, respectively, one copy of the report, findings and opinion of the sanity commission. Upon receipt thereof, the district attorney shall notify the sheriff of the county of the findings of the sanity commission and arrange for the return of the person to that county for trial upon the offense there charged or the pronouncement of judgment, as the case may be. The person shall not be returned more than 30 days before the date set for the trial or pronouncement of judgment. Such date shall be within 60 days of the receipt of the findings of the sanity commission."

under NRS 178.495. Before trial petitioner raised the point by application to the trial court for habeas corpus but did not appeal an adverse ruling to this court. Instead he attempted to collaterally attack the point after trial and conviction by an original application for habeas corpus. We then said, ibid. 420 P.2d 251, at page 253: "We abhor such callous disregard of the defendant's rights and would not have allowed it to occur had the matter been presented to us before trial. This was not done. As a consequence, the defendant waived his right to present the same issue collaterally after trial and conviction."

Issuance of the writ is denied.