## CHARLES EDWARD SKINNER, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5290

October 16, 1967                    432 P.2d 675

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, Carson City; *George E. Franklin, Jr.,* District Attorney, and *James D. Santini,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, COLLINS, J.:

Appellant Charles Edward Skinner was convicted by a jury of second degree murder for the unlawful killing of Roosevelt Wright in Las Vegas, Nevada. He appeals from the conviction and from denial of a writ of habeas corpus. We find no merit to either appeal and sustain the conviction.

On April 29, 1966, Skinner and Wright entered Bruce's Liquor Store in Las Vegas, Nevada, with three other men. Skinner and Wright there engaged in intermittent argument. The two men departed from the store. Two shots were heard and Wright stumbled back into the store, followed by Skinner who shot Wright again with a .22-caliber rifle as he lay on the floor. Wright stood up and lurched toward Skinner who shot him again. Wright staggered from the store holding his stomach. Skinner followed and shot him again. Skinner tried to shoot Wright several more times but the gun misfired. Skinner stepped away from Wright but returned and attempted several times to shoot him. Wright died from the wounds.

Skinner fled from the scene and went to the residence of

Cornelius Lee approximately one block from the liquor store. He attempted to gain entrance but when denied access, threatened to break down the door. He finally gained admission to the house by breaking a window. Skinner, after gaining entrance to the house, told Johnny Williams and others that he had just killed Roosevelt Wright by shooting him five times. A few minutes later Skinner was arrested in Doolittle Park, one-half block from the scene of the killing, still carrying a .22-caliber rifle.

Skinner was indicted by the grand jury of Clark County for the murder of Wright. No reporter's transcript of those proceedings was made. The indictment was dismissed through habeas corpus on the authority of Shelby v. District Court, 82 Nev. 204, 414 P.2d 942 (1966).

The same day Skinner was re-arrested under a new complaint charging murder, and was held without bail. He sought another writ of habeas corpus urging several statutory deficiencies. The second writ was also denied, from which Skinner appeals. His appeal from that denial following trial and conviction comes too late. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); Ex parte Merton, 80 Nev. 435, 395 P.2d 766 (1964). He was thereafter bound over to the district court following a preliminary hearing, convicted by a jury of second degree murder and sentenced to imprisonment of not less than 10 years nor more than life. He appeals additionally from the conviction and sentence.

Twelve assignments of error are urged by appellant. We shall consider but three, the others being either abandoned by appellant or patently not supported by the record.

Appellant contends that the state was powerless to proceed against him by way of complaint and information following dismissal of the grand jury indictment. He contends that the requirements of NRS 173.030[1] were not followed in that: (1) there was no order by the court to resubmit the matter; and (2) the state did not resubmit the matter to the grand jury

---

[1]"Dismissal of charge does not bar further indictment. The dismissal of the charge shall not, however, prevent the same charge from being again submitted to a grand jury or as often as the court shall so direct. But, without such direction, it shall not be again submitted."

but instead chose to proceed against the appellant by complaint and information. Respondent, on the other hand, contends that NRS 174.200[2] authorizes the state to proceed in such a manner. Although that statute is not directly in point, because this was not a dismissal "under this chapter," we agree with the principle set forth therein. The procedure used in this case was collaterally upheld in In re Hironymous, 38 Nev. 194, 147 P. 453 (1915), where the court stated that since "* * * power existed to proceed further against the petitioner after the dismissal of the first indictment, such proceeding might * * * be by information." Id. at 203. Such procedure is not inherently prejudicial to the appellant. Alderman v. State, 38 N.W. 36 (Neb. 1888). The California court, in an analogous case, approved of an indictment following proper dismissal of an information for the same crime. The court held that following dismissal of the information, it was as though no information had been filed. People v. Grace, 263 P. 306 (Cal. 1928). The dismissal under Shelby, required because of a failure to report the proceedings, in no way affected the merits of the case. The lower court simply acknowledged it had no way to test the sufficiency of the evidence by which Skinner was charged by the grand jury. We hold that under these circumstances, the state could proceed against appellant by way of complaint and information, and that the court's permission was not required.

Appellant next urges it was error for the trial court to fail to instruct the jury, prior to any evidence being taken, that they could take notes as NRS 175.166 provides.[3] Neither the state nor appellant made timely request of the trial judge. Not until the state's second witness was testifying did appellant's counsel object to the failure of the court to give the instruction. We hold the statute is directory only and failure to invoke it in a timely manner constitutes a waiver by the objecting party. The procedure of jurors taking notes may be helpful to them, but the lack of notes will not destroy the inherent fairness of the trial, at least without a cogent showing of prejudice. None

---

[2]"Order setting aside indictment or information no bar to future prosecution. An order to set aside an indictment or information, as provided in this chapter, is no bar to a future prosecution for the same offense."

[3]"Judge to inform jury of right to take notes. Before any evidence has been introduced the judge shall inform the jury they may individually take notes during the trial."

was shown here. We are not dealing with a substantive right of appellant, but a procedural directive incident to trial and available to either party.

Appellant says it was error for the trial court to admit testimony by state's witnesses of incriminating statements made to them immediately following the shooting. Appellant's counsel did not refer in his brief to the page and line, or the folio, in the record where the evidence objected to could be found as required by SCR 23(1),[4] and we could ignore the point. We prefer not to however, because it concerns important rights of appellant, not counsel.

Apparently the incriminating statements referred to are those of Cornelius Lee, Lee Edward Toston and John B. Williams. Appellant told these various witnesses, within one-half hour of the shooting of Roosevelt Wright at the liquor store, "I killed this boy;" "Open the door or I'll shoot it down;" "I just shot Roosevelt Wright five times;" that he (Skinner) "had just killed Roosevelt Wright at Bruce's Liquor." Appellant's counsel objected on the grounds the statements were prejudicial, improper, not part of the res gestae, they were ex post facto, embarrassing to the defendant, and beclouded the issue. The objection is not sound. The statements were voluntarily made and were admissible as extrajudicial admissions by the accused. See State v. Johnson, 16 Nev. 36 (1881); Beasley v. State, 81 Nev. 431, 404 P.2d 911 (1965). Furthermore, they were not objectionable under Miranda v. Arizona, 384 U.S. 436 (1966). The mandate of Miranda applies only to "custodial interrogation initiated by police officers." Id. 457. See Schaumberg v. State, 83 Nev. 372, 432 P.2d 500 (1967).

The conviction is sustained.

Appellant's counsel was appointed to take this appeal. We direct the lower court to give him the certificate specified in subsections 3 and 4 of NRS 7.260, to enable him to receive compensation for his services on appeal.

THOMPSON, C. J., and ZENOFF, J., concur.

---

[4]"1. A brief must designate the page and line, or the folio, in the record where the evidence or matter referred to may be found, and in case of failure to do so the court may ignore the point made."