Robert Kenneth **SCHOULTZ**, Appellant,

v.

Carl **HOCKER**, Warden, etc., Appellee.

No. 72–2390.

United States Court of Appeals,
Ninth Circuit.

Nov. 24, 1972.

---

* The Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

Robert L. Valencia, Berkeley, Cal., for appellant.

Robert List, Atty. Gen., Herbert F. Ahlswede, Chief Deputy Atty. Gen., Carson City, Nev., for appellee.

Before ELY, HUFSTEDLER, and GOODWIN, Circuit Judges.

PER CURIAM:

Schoultz is a Nevada state prisoner. After exhausting his state remedies, he filed a petiton for habeas corpus in the District Court. 28 U.S.C. § 2241. The court denied the petition without conducting an evidentiary hearing. We have concluded that this was error. In his appeal, Schoultz presents three contentions, but we now reach only one. This contention is based upon one of Schoultz' allegations in his petition, that he was induced to plead guilty in the state court because the prosecuting attorney made the promise that if Schoultz did so plead, he would be sentenced to a period of confinement not exceeding five to seven years. Following his plea, the sentence imposed by the state judge was a period of confinement of ten years.

 It is well-established that if an accused enters a plea of guilty upon the basis of a promise made by an official representing the prosecution, and the promise is unequivocal, then he is entitled to withdraw his plea if the promise is unfulfilled. *See, e. g.,* Hilliard v. Beto, 465 F.2d 829 (5th Cir. 1972); *cf.* Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Accordingly, Schoultz is entitled to an evidentiary hearing for the determination of the truth or falsity of the allegation as to the alleged promise. If the allegation is true, then he is entitled to plead anew in the state court. Macon v. Craven, 457 F.2d 342 (9th Cir. 1972). Upon remand, the District Court may either conduct its own evidentiary hearing or, should it choose, hold Schoultz' petition in abeyance for a reasonable time, not exceeding sixty days, within which to allow the Nevada state courts to conduct the necessary evidentiary hearing in the first instance. Since Schoultz is confined, we suggest that the District Court consider the advisability of appointing counsel to assist Schoultz in the presentation of his claim for habeas relief.

Reversed and remanded.