EDDIE JOHN FINE, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 7122

April 19, 1974          521 P.2d 374

*Gary A. Sheerin,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert C. Manley,* District Attorney, and *Gregory D. Corn,* Deputy District Attorney, Elko County, for Respondent.

---

## OPINION

*Per Curiam:*

Eddie John Fine was charged by information with the crime of burglary. Upon his plea of *nolo contendere,* the district judge found him guilty of the offense. Fine was sentenced to serve 6 years in the Nevada State Prison. He has now filed a petition for post-conviction relief, claiming *inter alia* that his plea was predicated on "the representation of the prosecuting authorities that he would not be sentenced to prison but would be placed on probation; . . ." The district judge who presided at Fine's arraignment and sentencing summarily denied Fine's petition without affording him an evidentiary hearing.[1] Schoultz v. Hocker, 469 F.2d 681 (9th Cir. 1972), is controlling in the instant case. Schoultz, who was a Nevada State prisoner, filed, after exhausting his state remedies, a habeas petition in the United States District Court for the District of Nevada. The habeas petition was denied without an evidentiary hearing. One of Schoultz's contentions, as is Fine's, was that "he was induced to plead guilty in the state court because the prosecuting attorney made the promise that . . . he would be sentenced to a period of confinement not exceeding five to seven years." Schoultz was sentenced to 10 years. In reversing and remanding the case, the Ninth Circuit held:

"It is well-established that if an accused enters a plea of guilty upon the basis of a promise made by an official representing the prosecution, and the promise is unequivocal, then he is entitled to withdraw his plea if the promise is unfulfilled. *See, e.g., Hilliard v. Beto,* 465 F.2d 829 (5th Cir. 1972). *Cf. Santobello v. New York,* 404 U.S. 257 (1971). Accordingly, Schoultz is entitled to an evidentiary hearing for the determination of the truth or falsity of the allegation as to the alleged promise. If the allegation is true, then he is entitled to plead

---

[1]Apparently the district judge who, at the arraignment, had complied with the requirements of Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970), then in full effect, concluded from a review of the transcript of those proceedings that Fine's petition was meritless.

anew in the state court. *Macon v. Craven,* 457 F.2d 342 (9th Cir. 1972)...."[2]

We, therefore, in following the ruling of Schoultz, reverse the order of the district judge and remand the case for an evidentiary hearing to determine the truth or falsity of Fine's allegation of the alleged promise.

---

[2]Although the ruling in Schoultz does not bind this court, we choose to follow it in the instant case, since to do otherwise would place an unnecessary burden upon the United States District Court in processing post-conviction applications asserting this particular ground for relief. Rahn v. Warden, 88 Nev. 429, 498 P.2d 1344 (1972).