EDWARD WHITMAN, aka JAMES JONES, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 7572

December 23, 1974                    529 P.2d 792

*Rodlin Goff,* State Public Defender, of Carson City, for Appellant.

*Robert List,* Attorney General; *Roy A. Woofter,* District Attorney, and *Dan M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Edward Whitman, appellant, pleaded guilty to the charges of attempted burglary and battery with intent to commit rape. On denial of his petition for post-conviction relief, Whitman seeks reversal contending that the district court erred in denying his petition without holding an evidentiary hearing to determine whether his guilty plea was involuntarily entered and contending that his plea had been involuntarily entered because he was threatened with an habitual criminal charge.

This court held in Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974), that there is a right to an evidentiary hearing

when seeking post-conviction relief as to the issue of whether or not an alleged promise was made by the State and not fulfilled upon which the guilty plea was based. That case is clearly distinguishable from the case before the court in that Whitman's claim concerns a question of law as to whether a guilty plea based on a threat of being charged with an habitual criminal charge is coerced as compared to the factual issue of whether a promise was made or not. There is no right to an evidentiary hearing when the issue before the court is a legal issue and not a factual issue. Forrester v. United States, 456 F.2d 905 (5th Cir. 1972), cert. den., 409 U.S. 856 (1972); Barnett v. United States, 439 F.2d 801 (6th Cir. 1971).[1]

A guilty plea is not coerced merely because motivated by a desire to avoid the possibility of a higher penalty (Brady v. United States, 397 U.S. 742 (1970); Conger v. Warden, 89 Nev. 263, 510 P.2d 1359 (1973)) and this court has held that a plea motivated by the desire to avoid being charged under the habitual criminal act was not coerced. Schoultz v. Warden, 88 Nev. 135, 494 P.2d 274 (1972), rev'd on other grounds, Schoultz v. Hocker, 469 F.2d 681 (9th Cir. 1972); Stocks v. Warden, 86 Nev. 758, 476 P.2d 469 (1970). As to Whitman's statement at the time he entered the plea that he was not in fact guilty but was pleading guilty to a lesser charge to avoid the possibility of a stiffer charge, the Supreme Court of the United States in North Carolina v. Alford, 400 U.S. 25 (1970), declined to attribute any significance in such statements.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.

---

[1]Cases deal with right to evidentiary hearing under 28 U.S.C. 2255, federal statute concerning relief from erroneous sentence.