JAMES STAMPS, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 7608

January 16, 1975                    530 P.2d 763

*Horace R. Goff,* State Public Defender, and *Gary A. Sheerin,* Deputy Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, and *Robert A. Groves,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant was arrested with three male companions and charged with the crime of robbery. All four men pleaded guilty. Stamps was sentenced to a ten year term in the Nevada State Prison. One of his codefendants was granted probation.

Appellant subsequently petitioned for post-conviction relief, alleging that his guilty plea had been involuntarily made. The facts which he claims support this allegation include a promise of probation for all four defendants given by the District Attorney of Elko County in exchange for their pleas of guilty.[1]

The district court denied appellant's petition without an evidentiary hearing. We have held, on similar operative facts, that an appellant is entitled to an evidentiary hearing for the determination of the validity of the allegation of the promise. Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974). Such a hearing is necessary for it is well established that an accused who

---

[1]Although appellant alleged the promise of probation was made by the District Attorney of Elko County, the record reflects that the guilty plea negotiations took place in Lander County, where the offense occurred.

enters a plea of guilty upon the basis of an unequivocal promise by the prosecution is entitled to withdraw his plea if that promise goes unfulfilled. Id., citing Santobello v. New York, 404 U.S. 257 (1971).

We, therefore, reverse the order of the district judge and remand the case for an evidentiary hearing to determine the veracity of Stamps' allegation of the promise.