## KARL JEROME NIX, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 8038

October 10, 1975          541 P.2d 1

*Lohse & Lohse Chartered,* Reno; *Morgan D. Harris,* Public Defender, and *Michael A. Cherry,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Dan M. Seaton,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On September 18, 1973, Karl Jerome Nix was granted habeas relief from a robbery charge because of prearraignment delay.

Five days later, on September 23, 1973, the robbery charge was refiled. Nix again sought, but was denied, habeas relief. No appeal was taken. He was subsequently tried and convicted and in this appeal attempts to obtain a review of the order denying

his pretrial habeas petition. We decline to review the habeas proceeding.

Nix's proper course of action was to appeal from the order denying the petition for a writ of habeas corpus, pursuant to the provisions of NRS 34.380(3).[1] By failing to avail himself of this remedy, he has waived any impropriety in the trial court's order. George v. State, 89 Nev. 47, 505 P.2d 1217 (1973); Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966).

Nix also contends there was insufficient evidence to support the conviction. We reject this contention. "Where there is substantial evidence to support a verdict in a criminal case, as the record indicates exists in this case, the reviewing court will not disturb the verdict nor set aside the judgment." Sanders v. State, 90 Nev. 433, 434, 529 P.2d 206, 207 (1974). See also, Azbill v. State, 88 Nev. 240, 495 P.2d 1064 (1972); Crowe v. State, 84 Nev. 358, 441 P.2d 90 (1968).

Affirmed.

---

[1] NRS 34.380(3) provides: "An applicant who has petitioned the district judge of a judicial district, as provided in this chapter, and whose application for such writ is denied, may appeal to the supreme court from the order and judgment of the district judge or district court refusing to grant the writ or to discharge the applicant, but such appeal shall be taken within 15 days from the day of entry of the order or judgment."