592 P.2d 775

**STATE of Arizona, Appellee,**

v.

**Richard M. POST, Appellant.**

**No. 4397.**

Supreme Court of Arizona,
In Banc.

March 16, 1979.

Robert K. Corbin, Atty. Gen., John A. LaSota, Jr., Former Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Cohen, Gerst, Groseclose & Meissner by David A. Groseclose, Phoenix, for appellant.

GORDON, Justice:

Defendant Richard Milton Post appeals his conviction and sentence for possession of marijuana, a violation of A.R.S. § 36–1002.–05. Taking jurisdiction pursuant to 17A A.R.S., Supreme Court Rules, rule 47(e)5, we reverse the decision of the Superior Court.

Defendant waived trial by jury and was tried to the court. Finding defendant guilty as charged, the court sentenced him to a term of 60 days in the Maricopa County jail. Defendant filed a timely notice of appeal.

After a substantial delay unexplained in the record, the trial court reporter notified the Court of Appeals that the trial transcript was unavailable. The parties were then directed to proceed in accordance with 17 A.R.S., Rules of Criminal Procedure, rule 31.8.f, which provides for a reconstruction of the record when the transcript is unavailable. Defendant next filed a motion to set aside his conviction and to dismiss criminal charges, arguing that the substantial delay in initiating procedures to reconstruct the record had prejudiced his case on appeal. This motion was denied.

An approved amended statement of the evidence, prepared pursuant to rule 31.8.f, was subsequently filed in the Superior Court, and defendant proceeded with his appeal. He presents a two-fold challenge to his conviction, asserting that:

(1) The trial court erred by allowing the prosecution to cross-examine defendant regarding his prior marijuana use;

(2) Defendant's conviction must be reversed because of unreasonable delay in the reconstruction of the trial proceedings through no fault of defendant.

According to the amended statement of the evidence, the prosecutor asked the state's police witness on direct examination to disclose incriminating statements made to him by the defendant. Defense counsel objected on the basis that no voluntariness hearing had been held. The trial judge allowed the questions, stating that a voluntariness hearing was unnecessary, because the case was being tried to the court without a jury. After the prosecution had rested, defense counsel called defendant to testify, questioning him on the nature of the statements he had made and the conditions under which he had made them. On cross-examination, the prosecution asked questions such as "have you ever smoked marijuana?" Defense counsel objected, arguing that defendant had simply addressed his testimony to the question of the voluntariness of his statements. To question defendant beyond that realm, counsel asserted, would violate his Fifth Amendment right against self-incrimination. The objection was overruled.

Defendant on appeal argues that the court committed reversible error by allowing the state to so cross-examine him, because the questions concerned specific acts of misconduct not amounting to a felony conviction. However, we need not address this issue, nor defendant's challenge on the basis of delay in reconstructing the record, because we consider the court's failure to hold the requested voluntariness hearing reversible error necessitating a new trial. Although not argued by defendant in his appeal, this error is apparent in the reconstructed record, and this Court is required to search the record for fundamental error. A.R.S. § 13–4035B; *State v. Rose,* 121 Ariz. 131, 589 P.2d 5 (1978); *State v. Bradley,* 99 Ariz. 328, 409 P.2d 35 (1965).

The United States Supreme Court in *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), has established that a defendant has a constitutional right to a hearing on the issue of voluntariness upon objecting to the use of his confessions.[1] *See State v. Alvarado,* 121 Ariz. 485, 591 P.2d

---

1. The amended statement of the evidence is imprecise as to the exact nature of the statements made by the defendant to the police. It is clear, however, that they were incriminating and, as such, are confessions as defined in A.R.S. § 13–1599.C. (Now designated A.R.S. § 13–3988.C.)

973 (1979). In the instant case, the defendant did object to the introduction of his statements. The trial judge, however, would not allow a separate voluntariness hearing. He apparently assumed that such a procedure is necessary only in jury trials to prevent a jury from hearing any reference to a confession until it is found voluntary. A separate voluntariness hearing, however, protects a defendant's rights in yet another way, as this case illustrates. Had the judge allowed a separate hearing, the defendant could have testified in his own behalf regarding his inculpatory statements without subjecting himself to cross-examination on other matters. The judge's failure to allow a separate hearing, therefore, had the effect of forcing the defendant to expose himself to questioning on incriminating subjects if he wished to take advantage of his constitutional right to a voluntariness determination. Thus, the judge's action operated to violate the defendant's Fifth Amendment right against self-incrimination.

We do not hold, however, that only a separate voluntariness hearing would have protected the defendant's rights in this case. This could have been accomplished by other procedures, such as restricting the scope of defendant's cross-examination to the issue of voluntariness.

This Court in *State v. Alvarado, supra,* very recently held that 17 A.R.S., Rules of Criminal Procedure, rule 16.1.b requires that, in most cases, a motion for a voluntariness hearing must be filed by the defendant twenty days before trial.[2] Such procedure, obviously, was not followed by the defendant in this case. Several Arizona cases decided prior to *Alvarado* suggest that defendants may move for a voluntariness hearing at the time of trial. *See State v. Sutton,* 115 Ariz. 417, 565 P.2d 1278 (1977); *State v. Finn,* 111 Ariz. 271, 528 P.2d 615 (1974). Because of these decisions and the inherent unfairness of applying retrospectively the twenty day filing requirement pronounced by *Alvarado,* we today hold that *Alvarado* is to be applied prospectively only.

Accordingly, we reverse the judgment and sentence of the Superior Court and remand for new trial.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

---

2. Additionally, *Alvarado* held that the trial judge, in his discretion, may also entertain a motion for a voluntariness hearing at trial.