MICHAEL PAUL STURROCK, Appellant, v. THE STATE
OF NEVADA, Respondent.

Nos. 10926, 10927

December 20, 1979                                    604 P.2d 341

*Mike Harrison,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; and *Robert J. Miller,* District Attorney, Clark County, for Respondent.

**OPINION**

By the Court, MANOUKIAN, J.:

These are consolidated appeals from felony convictions by jury of two separate counts of possession of stolen property. NRS 205.275. We recognize three issues as meriting discussion. They are: (1) Whether the district court abused its discretion by refusing to accept appellant's guilty plea; (2) Whether appellant was denied effective assistance of counsel by counsel's failure to request a preliminary hearing; and (3) Whether the district court erred by not *sua sponte* remanding the cases to justice's court for preliminary examinations.

Pursuant to plea negotiations appellant was to waive his right to a preliminary examination, *see* NRS 171.186, and was subsequently, in district court, to enter a plea of guilty to one charge of possession of stolen property. In return, the district attorney had agreed to dismiss other charges against appellant and to recommend a sentence concurrent with that already being served by appellant on another conviction. Clark County Deputy Public Defender, William Henry, had initially discussed the plea bargain with appellant. Pursuant to this agreement, appellant, represented by Deputy Public Defender

Thomas Gardner, appeared in justice's court, waived his preliminary examination and had the plea bargain read into the record. The case then proceeded by information in the district court.

Appellant was represented by Henry during his initial district court appearance. Then, Henry informed the court that Sturrock was reluctant to fulfill the plea bargain. As a result, Henry requested a continuance until Gardner could confer with appellant. Several days later, appellant appeared in district court with both Henry and Gardner, during which time appellant stated that he had entered into the plea negotiation agreement and had waived his preliminary examination as a result of misrepresentations made to him by Henry. Henry adamantly denied that he had made any misrepresentation and moved for leave to allow the Public Defender's Office to withdraw from the case. The court denied the motion to withdraw and read the informations. Thereafter, appellant entered pleas of not guilty to both charges. Gardner again moved for and was denied leave to withdraw as counsel. Appellant, addressing the court, asked if he could have a preliminary examination. The court failed to answer appellant's question and the proceedings were concluded.

Thereafter, a hearing was held to afford appellant the opportunity to change his pleas. The district court initially permitted appellant to withdraw his pleas of not guilty and enter a plea of guilty to one of the charges. During the course of the district court's inquiry as to the validity of the guilty plea, however, appellant stated that he had entered the plea of guilty only on the advice of counsel, and that he (appellant) felt that he would prevail at a trial. As a result of appellant's statements, the district court found the guilty plea was not voluntarily tendered and, accordingly, declined to accept it. The cases were then set for trial.

*1. The Guilty Plea.*

The question of accepting a tendered plea of guilty is within the sound discretion of the trial court.[1] *See* Santobello v. New York, 404 U.S. 257 (1971); North Carolina v. Alford, 400 U.S.

---

[1]NRS 174.035(1) provides:

A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. *The court may refuse to accept a plea of guilty,* and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea. (Emphasis added.)

25 (1970); Lynch v. Overholser, 369 U.S. 705 (1962). Although the tendered plea may be constitutionally valid, the court is under no compulsion to accept it. North Carolina v. Alford, 400 U.S. at 38 n.11. In determining whether the guilty plea should be rejected, however, the trial court is obligated to consider seriously the proffered plea. *See* United States v. Bednarski, 445 F.2d 364 (1st Cir. 1971). In the instant case, the district court had an adequate factual basis upon which to conclude that the tendered plea was either involuntary or proffered in such a manner as to be inconsistent with the effective administration of justice. In particular, the district court could infer that the plea was not voluntary from the appellant's prior reluctance to enter the plea of guilty, his apparent mistrust of counsel (although the record reflects that this was merely appellant's subjective belief), and his assertion that he felt he could prevail at trial. United States v. Bettelyoun, 503 F.2d 1333, 1336 (8th Cir. 1974); *cf.* Rouse v. State, 91 Nev. 677, 679, 541 P.2d 643, 644 (1975) (where state fulfills its obligations under plea bargain, defendant's subjective expectation of leniency is insufficient to entitle him to withdraw guilty plea). It is even arguable that a sufficient basis existed for which the court could have permitted appellant to withdraw his guilty plea, prior to sentencing, had the plea been accepted. State v. District Court, 85 Nev. 381, 384, 455 P.2d 923, 925–26 (1969) (granting of motion to withdraw one's plea before sentencing is proper where substantial reason causes the granting of the motion to appear fair and just); NRS 176.165. This contention is without merit.

2. *Effective Counsel.*

Appellant next contends that he was denied the effective assistance of counsel by virtue of his failure to request a preliminary examination after the frustration of the plea negotiations. It is settled in this state that a defendant is denied the effective assistance of counsel where counsel's conduct has reduced the proceedings to a sham, a farce, or a pretense. Shuman v. State, 94 Nev. 265, 272, 578 P.2d 1183, 1187 (1978). There is a strong presumption that counsel has fully discharged his duties. Warden v. Lischko, 90 Nev. 221, 223, 523 P.2d 6, 7 (1974). In the instant case, it was apparent prior to, and immediately after appellant entered his pleas of not guilty, that appellant wished to have a preliminary examination. Even though we do not approve of counsel's failure to insure that appellant was afforded the benefit of this important procedural device, nevertheless, counsel was present at each appearance of the accused, was well prepared at trial, attempted to have the

plea bargain reinstated, filed a motion to dismiss the charges, and conducted vigorous cross-examination of witnesses at trial. Under these circumstances, we cannot say that counsel's isolated failure to act reduced the proceedings below to a sham, a farce or a pretense. We find no merit to this contention.

*3.   The Requested Preliminary Examination.*

Appellant further contends that it was error for the district court to accept his tendered not guilty pleas after the breakdown in negotiations when it was apparent that appellant desired to exercise his right under NRS 171.196 to a preliminary examination. Prior to his appearance in district court, appellant had waived his right to a preliminary examination as part of a plea bargain agreement. But, when such an agreement is not consummated, the validity of the waiver is vitiated, and it is incumbent upon the district court to absolve appellant of the adverse consequences of the aborted plea bargain. *See* Schoultz v. Hocker, 469 F.2d 681 (9th Cir. 1972); Fine v. Warden, 90 Nev. 166, 521 P.2d 374 (1974); Riley v. Warden, 89 Nev. 510, 515 P.2d 1269 (1973). The court was thus obligated to inform appellant of his right to a preliminary examination before permitting him to enter a plea.

The effect of the district court's error was that appellant forfeited his opportunity to exercise the statutory right to a preliminary examination. Although a preliminary examination is not constitutionally mandated, *see* Azbill v. Fisher, 84 Nev. 414, 442 P.2d 916 (1968), it does provide important benefits to the defense of an accused. *See* Coleman v. Alabama, 339 U.S. 1 (1970); *cf.* Seim v. State, 95 Nev. 89, 590 P.2d 1152 (1979) (post-indictment preliminary examination not constitutionally mandated).[2]

Nevertheless, to say that the district court erred in refusing to remand for a preliminary examination does not mandate reversal following trial and conviction.[3] Because appellant had a clear right to a preliminary examination, and the district

---

[2]This error assumes increased significance when considered in light of the deprivations suffered by the person incarcerated. Pretrial confinement subjects one to public scorn, interrupts income, adversely affects familial relationships, and jeopardizes the accused's employment.

[3]Moreover, it is arguable that because appellant has been convicted and his pretrial incarceration is ended, this claim has become moot. *Cf.* Gernstein v. Pugh, 420 U.S. 103, 110 n.11, 118–19 (1975) (holding reached in the fourth amendment probable cause context). *But see* Coleman v. Alabama, 399 U.S. 1 (1970) (an accused is entitled to counsel at a preliminary hearing, it being a critical stage because of information potentially discoverable).

court exercised no discretion in failing or refusing to remand to the justice court, NRS 171.208, mandamus was available to compel remand. NRS 34.160.[4] By failing to pursue this remedy, and instead proceeding to trial, appellant has waived any impropriety regarding the trial court's inaction.

In analogous situations, we have held that failure to bring an issue before this court in a timely manner results in a waiver of the objection. *See* Nix v. State, 91 Nev. 613, 541 P.2d 1 (1975); George v. State, 89 Nev. 47, 505 P.2d 1217 (1973); Skinner v. State, 83 Nev. 380, 432 P.2d 675 (1967); Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); *Ex parte* Merton, 80 Nev. 435, 395 P.2d 766 (1964).

In Franklin v. District Court, 85 Nev. 401, 455 P.2d 919 (1969), we stated that: "As a general proposition we approve the notion that appellate review should be postponed, *except in narrowly defined circumstances,* until after final judgment has been rendered by the trial court." *Id.* at 403, 455 P.2d at 921 (emphasis added). In circumstances such as those present in the instant case, where abuse is so patent and deprivation purportedly so crucial to the accused, an extraordinary remedy must be sought, because no post-judgment appeal will be available to review the error complained of, absent compelling reasons. To the extent that State v. Rollings, 58 Nev. 58, 68 P.2d 907 (1937) (we reached the merits of a post-conviction claim that a preliminary examination was held beyond the statutory limit, but denied relief), is inconsistent with this opinion, it is expressly overruled.

In so holding, we emphasize that this case is decided on these facts alone. We reaffirm our holding in *Franklin,* finding that the instant case presents one of the narrowly defined circumstances perceived in *Franklin.*

Finally, appellant has not challenged the sufficiency of the evidence which supports his convictions. Indeed, "Where there is substantial evidence to support a verdict in a criminal case, as the record indicates exists in this case, the reviewing court will

---

[4]NRS 171.186 provides:

The magistrate or master shall inform the defendant of the complaint against him and any affidavit filed therewith, of his right to retain counsel, of his right to request the assignment of counsel if he is unable to obtain counsel, and of his right to have a preliminary examination. He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The magistrate shall allow the defendant reasonable time and opportunity to consult counsel, and shall admit the defendant to bail as provided in this Title.

not disturb the verdict nor set aside the judgment.'' Sanders v. State, 90 Nev. 433, 434, 529 P.2d 206, 207 (1974).

The judgments of conviction are affirmed.

THOMPSON, J., concurs.

BATJER, J., concurring:

I agree that the judgments of conviction against the appellant should be affirmed, but for a significantly different reason than that reached by Justice Manoukian and concurred in by Justice Thompson.

When the district judge rejected appellant's proffered guilty plea and set the matter for trial, jurisdiction was in the district court. At that time the judge had the discretion to remand the cause for a preliminary examination. NRS 171.208.[1] Why it was not remanded is unclear in the record. When the trial judge did not *sua sponte* remand the cause to the justice court for a preliminary examination, he did not abuse his discretion.

A preliminary examination is not meant to be a substitute for a trial. ''There is no constitutional right to a preliminary hearing. It is a creature of statute, and as such, the proceedings are governed by statutory provisions . . . Its purpose is to determine the basis for prosecution and the issue involved in the proceedings is not the question of guilt or innocence, but whether there is sufficient evidence for probable cause to hold the accused over to answer and stand trial.'' Azbill v. Fisher, 84 Nev. 414, 418, 442 P.2d 916, 918 (1968).

At the conclusion of a consolidated jury trial, appellant was found guilty beyond a reasonable doubt of two charges of possession of stolen property. It would be incongruous to now remand the matter to justice court to determine whether there was probable cause to hold appellant to answer and stand trial.

On the other hand, I find it equally incongruous to hold that appellant waived any right he might have had to a preliminary examination because he did not pursue mandamus. If he had pursued that remedy, it would have been denied because a writ of mandate will not issue to compel the performance of a discretionary act. *See, e.g.,* Roventini v. District Court, 81 Nev. 603, 407 P.2d 725 (1965).

I concur in the result.

---

[1]NRS 171.208.

''Whenever a preliminary examination has not been had, the district court may for good cause shown at any time before a plea has been entered or an indictment found remand the defendant for preliminary examination to the appropriate justice of the peace or other magistrate, and such justice or other magistrate shall then proceed with the preliminary examination as provided in this chapter.''

MOWBRAY, C. J., dissenting:

This Court has previously held that a criminal defendant's statutory right to post-conviction appellate review of any "intermediate order or proceeding," *see* NRS 177.015(2) and 177.045, is an "all-embracive" right, State v. Teeter, 65 Nev. 584, 592, 200 P.2d 657, 661 (1948), and that such a substantial right may not be curtailed absent a specific limiting statute, O'Donnell v. District Court, 40 Nev. 428, 432–33, 165 P. 759, 759–60 (1917). My brethren today announce a novel legal proposition: appellate review of a meritorious claim of pre-trial error is foreclosed in this Court when a criminal defendant has refused to seek piecemeal review of his case. Because this defendant has refused to disrupt the orderly progress of his criminal case by petitioning, prior to trial, for an extraordinary writ of mandate, *see* Franklin v. District Ct., 85 Nev. 401, 455 P.2d 919 (1969), he is to be turned away without relief when it is conceded by all that he was entitled to a preliminary examination, that he requested one, and that he was denied one.[1] With this result I cannot agree.

The majority's reasoning is difficult to follow. First, the majority insists that appellant had a "clear right to a preliminary examination," so clear, in fact, that the learned trial judge below did not perceive that right nor did appellant's two attorneys, the effective quality of whose representation the majority goes to great lengths to establish. Then, the majority reasons that since the trial court has the discretion to remand the cause for a preliminary examination, NRS 171.208, and since this Court has the discretion, under NRS 34.160, to issue a writ of mandate to secure appellant's right, this appellant waived his right to appellate review under NRS 177.015(2) and 177.045 simply by failing to petition this Court for a pre-trial extraordinary writ to compel the trial court to exercise its discretion. This, I respectfully submit, neither is, nor ought to be, the law.

In O'Donnell v. District Court, *supra,* this Court held that, because the right to an appeal is a substantial one, a statute will not be construed as taking away that right unless its language clearly reveals such an intent. 40 Nev. at 432–33, 165 P. at 760. Indeed, if a statute is capable of a construction maintaining the right of appeal, it will be so construed. *Id.* at 433, 165 P. at 760. Without doubt, NRS 34.160, permitting appellate review by way of the extraordinary writ of mandate, does not, by any stretch of the imagination, purport to foreclose the possibility

---

[1]The request and subsequent ruling were made in another department of the Eighth Judicial District Court and not before or by the district judge who presided at appellant's trial.

of post-conviction appeal to this Court. The majority apparently overlooks the force of our decision in *O'Donnell.*

Moreover, this Court has expressly disapproved of the use of pre-trial extraordinary writs, absent special circumstances, in criminal cases. Franklin v. District Ct., *supra.* In *Franklin,* we held that the extraordinary writ of certiorari would not lie to challenge an intermediate order for discovery since a post-conviction appeal could be had to this Court; we noted:

> [A]ppellate review should be postponed, except in narrowly defined circumstances, until after final judgment has been rendered by the trial court. Piecemeal review does not promote the orderly handling of a case, and is particularly disruptive in criminal cases where the defendant is entitled to a speedy resolution of the charges against him.

85 Nev. at 403–04, 455 P.2d at 921 (citation omitted). I can see no difference between the present case and the situation in *Franklin.*

Of course, our holding in *Franklin* left open the possibility of extraordinary relief in a "narrowly defined" class of criminal cases. The majority interprets our dictum in *Franklin* to mean that whenever this Court, after the fact, determines that the remedy of mandamus was available, a criminal defendant, by not pursuing that remedy, has waived appellate consideration of what is conceded by all to be patent error. I can find no opinion, prior to today's, in this or any other jurisdiction which holds that absent a specific statute, rule or precedent clearly detailing the proper mode of appellate review, the failure to pursue the possible remedy of mandamus bars subsequent appellate review. Nor can I find any authority for the proposition that a criminal defendant must waive his right to a speedy trial, his right to present his defense while memories and evidence are still fresh, in order to preserve a point for appeal.

Significantly, the five "analogous" cases cited by the majority, *ante* at 943, deal with the pre-trial writ of habeas corpus, holding that the failure to pursue the explicit statutory remedy of appeal from the denial of a pre-trial application for a writ of habeas corpus waives any subsequent challenge to that denial.[2] The pre-trial habeas situation, however, is manifestly different from the present situation. With respect to pre-trial habeas, the legislature has specifically provided for a comprehensive scheme whereby an accused can, before trial, attack a possibly erroneous determination of probable cause. *See* NRS 34.380.

---

[2]It is noteworthy that the legislature has removed the provision for appeals of denials of pre-trial writs of habeas corpus. 1979 Nev. Stats., ch. 216, § 1.

Thus, we have held that the pre-trial habeas statute, NRS 34.380, excludes, by its own terms, the possibility of post-conviction or collateral review of a probable cause determination. Ex parte Merton, 80 Nev. 435, 395 P.2d 766 (1964).

The rationale of the pre-trial habeas cases is simply inapplicable to the present situation. First, the legislature has not provided for a comprehensive scheme by which an aggrieved defendant can challenge, prior to trial, a district court's decision to refuse him a preliminary examination. On the contrary, under the guidelines announced by this Court in State v. Teeter, *supra,* such an erroneous decision is appealable following conviction. 65 Nev. at 592–93, 200 P.2d at 662.

In addition, appellant, as all those charged with the commission of a felony, has both a right to a speedy trial and a right to a preliminary examination. In the present case, however, the district court's erroneous decision placed appellant in the position of having to choose between these two rights: appellant could waive his right to a speedy trial and pursue the extraordinary remedy of mandamus; or, as he ultimately decided to do, appellant could forego his right to a preliminary examination and defend himself on the merits. I know of no decision of this Court or of any other jurisdiction that holds that such an election constitutes a voluntary and intelligent waiver of such a substantial right as that to a preliminary examination. Nor can I find any authority for the proposition that the possible availability of a writ of mandate precludes appellate consideration of the denial of this statutory right.

By contrast, this Court has often considered, on post-conviction appeal, the denial of so important a right—even though the appellant had not sought any extraordinary writ before trial. For example, in State v. Teeter, *supra,* we reversed a defendant's conviction because the trial court had erroneously denied his motion for bail. There, we noted that the defendant had an absolute right to bail and that the trial court had no discretion to deny it. Clearly, under today's majority holding, Teeter could have and should have sought a pre-trial writ of mandate to enforce that right. Though Teeter did not pursue such a remedy, this Court considered his post-conviction appellate claims and found them meritorious.

Similarly, in State v. Rollings, 58 Nev. 58, 68 P.2d 907 (1937), we considered, on post-conviction appeal, Rollings' contention that his preliminary examination was held after the statutory limit for such an examination had expired. Though we denied Rollings' requested relief, this Court did not hesitate to reach the merits of his claim even though a pre-trial writ of mandate was available to enforce the statutory right. The fact

that the majority expressly overrules *Rollings* does not convince me that today's decision is in accord with the prior decisions of this Court.

More recently, in Anderson v. State, 86 Nev. 829, 477 P.2d 595 (1970), we reviewed, on post-conviction appeal, a defendant's contention that he had been deprived of his right to a speedy trial. In *Anderson,* we noted that on the facts of that case, Anderson had a mandatory right to a speedy trial. Yet, even though Anderson had not pursued a pre-trial writ of mandate to enforce that mandatory right, we considered his claims on appeal following conviction.

Even were I to accept the rule announced by my brethren, I do not believe that it would necessarily be applicable in the instant case. While I agree that a defendant has a right to a preliminary examination, granted by NRS 171.196 and referred to in NRS 171.186, I note that NRS 171.208 provides that a district court *may,* before a plea is entered or indictment found, remand the defendant for a preliminary examination when one has not been had. This seems to imply that the district court has some discretion in the matter; and, of course, a writ of mandate will not issue to compel the performance of a discretionary act. *See, e.g.,* Roventini v. District Court, 81 Nev. 603, 407 P.2d 725 (1965).

In addition, I question the propriety of applying the majority's rule of waiver to the instant proceedings. It is well established that an appellate court's procedural decisions, arrived at without benefit of case precedent or rule, may only have prospective application. Hill v. Sheriff, 85 Nev. 234, 236, 452 P.2d 918, 919 (1969). *A fortiori,* where prior cases have given conflicting or ambiguous directions concerning the proper manner in which to seek appellate review—as our decision in *Rollings* clearly does—prospective application is mandated. *See, e.g.,* State v. Post, 592 P.2d 775, 777 (Ariz. 1979); State v. Stanley, 592 P.2d 422, 426 (Haw. 1979); People v. Chi Ko Wong, 557 P.2d 976, 987 (Cal. 1976).

I should note further that the majority's opinion may affect the efficient administration of our criminal justice system. Taken to its logical end, the majority holds that for a criminal defendant to preserve any pre-trial issue for appeal, he must first file a pre-trial petition for extraordinary relief in this Court.[3] The result could be that the speedy and orderly resolution of criminal cases in the district courts will be disrupted,

---

[3] In all fairness to the majority, today's rule of waiver applies only to cases where a criminal defendant determines that a trial court's "abuse is so patent and deprivation purportedly so crucial." *Ante* at 943. Such determinations, I submit, have been historically left to this Court to resolve and not to defendants or their counsel.

and that the speedy disposition of appellate matters in this Court will be impeded.

In sum, I believe that the majority opinion announced today does not make good law. Since I believe that appellant has not waived his right to appellate review in this Court, I feel constrained to reach the question of whether the denial of appellant's right to a preliminary examination, under the circumstances of this case, mandates reversal of appellant's conviction. For the reasons stated below, I believe that it does.

The right to a preliminary examination is a legislative grant of a substantial right to protect the accused from improvident and groundless charges. Azbill v. Fisher, 84 Nev. 414, 442 P.2d 916 (1968). In addition, the preliminary examination is a critical stage of the proceedings against an accused: a lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the prosecution's case; the examination works as a discovery device by which the accused and his attorney may prepare a proper defense; defense counsel may elicit testimony, under oath, with which the prosecution's witnesses may be impeached at trial. Coleman v. Alabama, 399 U.S. 1, 9 (1970). In the present case, appellant withdrew his pleas of guilty on two occasions because he wished to defend himself on the merits. Appellant believed not only that he was not guilty, but that he could successfully rebuff the prosecution's attempts to prove otherwise. Taken in this light, the district court's erroneous ruling did not merely deprive appellant of his right to a magistrate's determination of probable cause; rather, the ruling deprived appellant of his right to prepare effectively for his defense. Under the facts of this case, then, I would reverse appellant's conviction.

I add, as well, that I cannot agree with the majority's conclusion that appellant was afforded effective assistance of counsel. We have held that counsel's failure to pursue his client's interests zealously, In re Kramer, 61 Nev. 174, 122 P.2d 862 (1942), and counsel's failure to prepare and investigate his client's case carefully, Jackson v. Warden, 91 Nev. 430, 537 P.2d 473 (1975), results in the deprivation of an accused's Sixth Amendment right to effective assistance of counsel. The record before us indicates that defense counsel below demonstrated a marked indifference to appellant's interests.[4] Appellant himself orally moved the district court to remand his case for a preliminary examination, to disqualify the district judge on the grounds of prejudice, to discharge his present attorneys, and to appoint new, effective counsel. With respect to each of these oral

---

[4]Appellant has been represented by other counsel throughout the proceedings before this Court.

motions, the district judge either ignored appellant's claims or denied them summarily since no written papers were before him. Defense counsel did not argue any of appellant's oral motions, with the exception of counsel's own motion to withdraw, nor did counsel file any written motions or points and authorities in support of appellant's motions. All in all, the record, in my opinion, indicates that defense counsel, while attempting to withdraw from the case, failed to assert their client's rights. While I agree with the majority that the record demonstrates that counsel did cross-examine the State's witnesses at trial, I would hardly classify such cross-examination as vigorous. In addition, there is no way to gauge how much more effective that cross-examination would have been had counsel reaped the discovery benefits of a preliminary examination. And, after all, it was largely because of defense counsel's indifference or mere neglect that appellant was denied his "clear" right to a preliminary examination. I believe, therefore, that, in the instant case, appellant was denied his constitutional right to effective assistance of counsel.

For the reasons discussed above, I would reverse appellant's conviction. Respectfully, I dissent.

GUNDERSON, J., dissenting:

I find the concluding rationale of the majority opinion somewhat troubling.

Where, as here, an important proceeding has been erroneously omitted, as my brethren concede, I suggest that to inquire whether the denial of such proceeding was harmless error would require unguided speculation. Cf. Holloway v. Arkansas, 435 U.S. 475 (1978). Moreover, we cannot presume that this omission was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18 (1967). It is in the context of these legal realities, not in the abstract, that the claim appellant was denied effective assistance of counsel must be assessed.

Thus, the following issue is posed. When a defendant has wrongfully been denied his right to a preliminary examination—an important right that, upon exercise, often helps to prepare a defense, and that in this case the appellant vociferously demanded in the presence of his counsel—may it be said the defendant "waived" such right because counsel failed to pursue the legally esoteric remedy of mandamus? I have hitherto believed that before concepts of "waiver" may be applied, at least some evidence of knowing forbearance is requisite.

If we try to speak of "waiver," I think we then are forced to face the next question. Can a defendant be said to have had

"effective counsel," in contemplation of the law, when counsel does nothing to protect an important procedural right, which he knows the defendant desires to insist upon, which might have assisted the defendant, and the loss of which therefore may not be styled harmless error?

I respectfully suggest that to ask the question is to answer it.