# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER SALGUERO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72118



FILED

DEC 14 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying appellant Christopher Salguero's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.[1]

Salguero argued that counsel coerced him into entering a guilty plea by telling him that he faced a sentence of life without the possibility of parole if he went to trial. The record does not support Salguero's claim that his plea was coerced where (1) the plea agreement informed him of the potential sentences he could receive; (2) the plea agreement states that Salguero signed the plea agreement voluntarily, after consulting with his attorney, and without duress or coercion; and (3) counsel's representation— as Salguero describes it—accurately stated a potential sentence for the

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

17-43263

charge of first-degree murder with a deadly weapon. *See* NRS 193.165; NRS 200.030(4)(b); *Whitman v. Warden*, 90 Nev. 434, 436, 529 P.2d 792, 793 (1974) ("A guilty plea is not coerced merely because motivated by a desire to avoid the possibility of a higher penalty."). Salguero did not show that counsel acted in an objectively unreasonable manner or that there was a reasonable probability that he would have refused to plead guilty absent counsel's representations regarding the potential sentence. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (holding that petitioner must demonstrate deficient performance and prejudice as a result of counsel's deficient performance); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that prejudice prong requires petitioner to show a reasonable probability that he would not have pleaded guilty absent counsel's errors); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996) (same). As Salguero's claim lacked specific factual allegations supporting an entitlement to relief, the district court did not err in denying it without an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

Salguero also argues that counsel unreasonably advocated for a plea because counsel was paid per case. Salguero was represented by a Clark County deputy public defender who was paid a salary. *See In re Representation of Indigent Defendants*, ADKT 0411, at 10 (Spangenberg Grp. & Ctr. for Justice, Law and Soc'y at George Mason Univ., *Assessment of the Washoe and Clark County, Nevada Public Defender Offices*, July 13, 2009). As Salguero did not allege specific facts warranting relief, the district court did not err in denying this claim without an evidentiary hearing.

 

In a document filed with his notice of appeal, Salguero suggests that the district court erred by not appointing postconviction counsel. The district court may appoint counsel to represent a petitioner in a postconviction habeas proceeding if the petitioner is indigent and the habeas petition is not summarily dismissed.[2] NRS 34.750(1). In exercising its discretion, the court may consider the severity of the consequences facing the petitioner, whether the issues presented are difficult, whether the petitioner is unable to comprehend the proceedings, and whether counsel is needed to conduct discovery. *Id.* The district court found that Salguero was able to comprehend the proceedings, noting that he properly moved for extensions of time, to amend his petition, and to request appointed counsel. While Salguero is serving a lengthy sentence, the record does not suggest any apparent difficult issues or matters on which discovery is needed. Accordingly, we conclude the district court did not abuse its discretion in declining to appoint postconviction counsel. *See Renteria-Novoa v. State,* 133 Nev., Adv. Op. 11, 391 P.3d 760, 761 (2017).

Having concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

---

[2]Salguero was not entitled to the appointment of counsel as a matter of right. *See Brown v. McDaniel,* 130 Nev., Adv. Op. 60, 331 P.3d 867, 871-72 (2014).

 

cc: Hon. Michelle Leavitt, District Judge
Christopher Salguero
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk