BILLIE RAY RILEY, APPELLANT, v. WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 7049

November 20, 1973                    515 P.2d 1269

*Gary A. Sheerin,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Pursuant to a "plea bargain" whereby a prosecutor promised to drop four other charges, and not to make any recommendation concerning sentencing, appellant pleaded guilty to one charge of robbery. At the sentencing hearing, a different prosecutor violated the bargain, stating:

"Your honor, recognizing it is your prerogative to sentence this defendant, the District Attorney would like to go on record that it concurs in the Parole and Probation Report and particularly in line with Mr. Woofter's statement that he felt a prison sentence should be dealt out to those who engage in armed robberies."

The sentencing judge said he would not consider these remarks and, on stipulation of the prosecutor and appellant's court-appointed counsel, he ordered them "stricken."[1] However, he did not ascertain whether appellant understood and

---

[1]The following colloquy occurred:

"THE COURT: The Court will not take into consideration the remarks of [the prosecutor] addressed to this Court on March 23, 1972. As a matter of fact, these remarks may be stricken, if it is the stipulation of the parties.

"PROSECUTOR: The State would so move, your Honor.

"DEFENSE COUNSEL: That's agreeable, your Honor.

"THE COURT: Very well."

accepted this attempt to correct the prosecutor's breach. Shortly after the court imposed sentence, appellant filed a post-conviction petition for habeas relief. The court denied that petition; this appeal follows.

Unless his counsel effectively waived appellant's rights, this case is directly controlled by the U.S. Supreme Court's decision in Santobello v. New York, 404 U.S. 257 (1971), wherein one prosecutor made a recommendation concerning sentencing after another prosecutor had promised none would be made. In such cases, the Court declared, the sentence must be vacated and the state court must decide whether merely to enforce the plea bargain by allowing a new sentencing hearing, or whether to afford the defendant an opportunity for trial on the original charges. (Here, appellant asks only the former, less drastic relief.) As Mr. Chief Justice Burger stated:

"On this record, petitioner 'bargained' and negotiated for a particular plea in order to secure dismissal of more serious charges, but also on condition that no sentence recommendation would be made by the prosecutor. It is now conceded that the promise to abstain from a recommendation was made, and at this stage the prosecution is not in a good position to argue that its inadvertent breach of agreement is immaterial. The staff lawyers in a prosecutor's office have the burden of 'letting the left hand know what the right hand is doing' or has done. That the breach of agreement was inadvertent does not lessen its impact." Id. at 262.

The State has attempted to justify the prosecutor's statement by suggesting it was not a "recommendation," but merely declared "the policy of the Clark County District Attorney concerning the crime of armed robbery." Although the district court correctly rejected that rationalization, it denied appellant relief, believing it had cured the breach before sentencing appellant.[2]

It is true that the sentencing judge declared he would not be affected by the prosecutor's statement. However, we can accord such a statement no more effect than the U.S. Supreme

---

[2] In the Decision and Order now being appealed, the court stated:

"It is obvious, of course, that [the prosecutor's] statement evidenced a breach of the District Attorney's promise not to make a sentence recommendation. However, in the factual pattern of this case, that breach alone does not entitle defendant to the relief prayed for as the record clearly demonstrated that such breach not only had no influence upon the Court's sentencing decision, but that before sentencing, the breach was rectified and the promise was fulfilled."

Court did in *Santobello*.[3] To do so would be futile, cf. Davis v. Warden, 88 Nev. 443, 498 P.2d 1346 (1972), and would merely force the public defender to waste public funds redressing appellant's grievance in the federal court system. It is also true that appellant's court-appointed counsel "stipulated" to the sentencing judge's attempt to correct the prosecutor's breach. However, we believe before proceeding the sentencing judge was obliged to ascertain that appellant himself voluntarily and understandingly consented to accept something less than the relief to which he was entitled under *Santobello*. This conclusion seems mandated by the U.S. Supreme Court's holding in Boykin v. Alabama, 395 U.S. 238 (1969), which we followed first in Higby v. Sheriff, 86 Nev. 774, 476 P.2d 959 (1970).

In *Boykin,* the Court declared that a state court may not accept a guilty plea without canvassing the matter with the accused to assure that his plea is voluntarily and understandingly entered. 395 U.S. at 243–244. The Court stated:

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in à state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan,* 378 U.S. 1. Second, is the right to trial by jury. *Duncan v. Louisiana,* 391 U.S. 145. Third, is the right to confront one's accusers. *Pointer v. Texas,* 380 U.S. 400. We cannot presume a waiver of these three important federal rights from a silent record." 395 U.S. at 243.

In the instant case, to obtain the prosecutor's silence, appellant agreed to forego all of the valuable federal rights mentioned in *Boykin*. In effect, appellant exchanged those rights for the right to be sentenced before a judge who would not be told that the prosecutor opposed probation or believed a particular sentence to be appropriate. Under *Santobello,* this right

---

[3]In this regard, Mr. Chief Justice Burger stated:

". . . He [the sentencing judge] stated that the prosecutor's recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will best be served by remanding the case to the state courts for further consideration. . . . We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge." 404 U.S. at 262–263.

which appellant received in exchange for his original rights was also federally protected. It would, we think, be illogical and unacceptable to the federal courts to say, although appellant's original rights could only be lost upon a determination that appellant himself waived them voluntarily and understandingly, that the right appellant received in exchange could thereafter be waived by his counsel.

Accordingly, the district court's order denying appellant relief is reversed; the court is directed to vacate appellant's sentence and to conduct a sentencing hearing before a different judge as soon as practical after remittitur; the district attorney's staff is directed to refrain from making any recommendation concerning the new sentence to be imposed.

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.