DAVID MICHAEL WOOD, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 23853

April 4, 1995
892 P.2d 944

*Morgan D. Harris,* Public Defender and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of lewdness with a minor.

Prior to sentencing, the Department of Parole and Probation submitted a presentence report. The report included a statement by the abused minor's mother about the impact the abuse has caused to her son and family. At the sentencing hearing, the district court received the presentence investigation report, and the abused minor testified. The district court also allowed the minor's mother to testify, over appellant's objection, about the impact of the abuse on her son and her family.

Appellant contends that the district court erred in allowing the minor's mother to testify because she is not a "victim" as defined by NRS 176.015[1] and NRS 213.005.[2] Specifically, appellant

---

[1]NRS 176.015, in relevant part, provides:

    3. Before imposing sentence the court shall afford the victim an opportunity to:
    (a) Appear personally or by counsel; and
    (b) Reasonably express any views concerning the crime, the person responsible, the impact of the crime on the victim and the need for restitution.

    . . . .

    5. For the purposes of this section, "victim" has the meaning ascribed to it in NRS 213.005.

[2]NRS 213.005(2) provides:

    "Victim" includes:
    (a) A person against whom a crime has been committed;

contends that the minor's mother is not a "surviving parent" under NRS 213.005(2)(c) because her son is alive. The state responds that the minor's mother is a victim as defined by NRS 213.005(2)(b), "a person who has been injured or killed as a direct result of the commission of a crime." We decline to reach this issue. Rather, assuming *arguendo* that the minor's mother is not a "victim" as defined by NRS 213.005, we conclude that the district court nonetheless did not err in considering her testimony about the impact the abuse had on her son and family.

The general rule in Nevada is that a sentencing proceeding is not a second trial. The district court is permitted to consider facts and circumstances which clearly would not be admissible at trial so long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence. *See* Silks v. State, 92 Nev. 91, 545 P.2d 1159 (1976). Appellant contends that NRS 176.015 and NRS 213.005 act as a statutory limitation on the evidence that a district court may receive during the sentencing hearing. We disagree.

"NRS 176.015(3) is similar in scope to statutes enacted in Arizona and California. Courts in both states take expansive views of their victim impact statutes, concluding that they are designed to grant victims expanded rights, rather than to limit the rights of victims." Randell v. State, 109 Nev. 5, 7, 846 P.2d 278, 280 (1993) (citations omitted). NRS 176.015 creates in certain defined "victims" the undeniable right to appear and express their views concerning the crime, the person responsible, and the impact on the victim. In granting this right, NRS 176.015 does not restrict the existing discretion held by a sentencing judge to consider other evidence.

Accordingly, we hold that NRS 176.015(3) grants certain victims of crime the right to express their views before sentencing; it does not limit in any manner a sentencing court's existing discretion to receive other admissible evidence. To the extent that any language in Castillo v. State, 110 Nev. 535, 874 P.2d 1252 (1994), can be interpreted to the contrary, it is disapproved.

Accordingly, we affirm appellant's conviction.[3]

---

(b) A person who has been injured or killed as a direct result of the commission of a crime; or

(c) The surviving spouse, parents or children of such a person.

[3]Cause appearing, we grant counsel's motion to withdraw as attorney of record pursuant to appellant's request.