RICARDO VENTURA ECHEVERRIA, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 38691

February 12, 2003

62 P.3d 743

*Michael R. Specchio,* Public Defender, and *John Reese Petty,* Chief Deputy Public Defender, Washoe County, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *Richard A. Gammick,* District Attorney, and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

Before AGOSTI, C. J., ROSE, J., and YOUNG, Sr. J.

## OPINION

By the Court, ROSE, J.:

In this appeal, we consider whether a harmless-error analysis applies to the State's breach of a plea agreement and whether such a breach requires reassignment to a different district court judge for sentencing. We conclude that a harmless-error analysis does not apply and that reassignment is required, and we vacate the judgment of conviction and remand this case for a new sentencing hearing before a different district court judge.

### FACTS

Ricardo Ventura Echeverria was charged with lewdness with a child under the age of fourteen. Echeverria and the State entered into a plea agreement. Under the terms of the plea agreement, Echeverria agreed to plead guilty to the lewdness charge, while the State agreed to recommend probation at sentencing on the condition that Echeverria was probation eligible and cooperated with the INS directly from jail.

After entering a guilty plea to the lewdness charge, Echeverria was scheduled for sentencing. Dr. Davis prepared a risk assessment, concluding that Echeverria was not a danger or menace to the safety, health, morals, or welfare of the community, so long as he maintained his sobriety. At the sentencing hearing, the State argued that Dr. Davis' condition of sobriety meant that Echeverria was not eligible for probation; therefore, the State concurred with the Division of Parole and Probation's recommendation of a prison term. In response, Echeverria's counsel argued that Dr. Davis' report certified that Echeverria was eligible for probation, and that the State's recommendation was a violation of the plea agreement.

Before sentencing Echeverria, the sentencing judge acknowledged that Dr. Davis' report was favorable to Echeverria and that the State was bound by the plea agreement to recommend probation. However, the sentencing judge reminded the parties that the actual sentencing decision belonged to the sentencing judge alone. The sentencing judge then expressed concern over Echeverria's "long history of alcohol abuse" and Echeverria's written statement to the court denying "the commission of the offense." Based on these concerns, the sentencing judge sentenced Echeverria to life in prison with the possibility of parole after ten years.

## DISCUSSION

Echeverria contends that the State violated the plea agreement when the prosecutor did not make an affirmative recommendation of probation. Although the sentencing judge did not explicitly make a finding that the State breached the plea agreement, we note that the judge's statement, "I will assume for the purposes of this hearing that the State is bound to recommend probation in this case," implies this finding. Notably, the State concedes that the sentencing judge found that the State breached the plea agreement. Accordingly, we need not address this issue. Instead, we will first address the issue of whether reversal is required when the State breaches a plea agreement.

The State argues that reversal is not warranted here because the sentencing judge did not rely on the State's breach when he sentenced Echeverria.[1] In essence, the State argues that the breach was harmless because Echeverria was not prejudiced by it.

The seminal United States Supreme Court decision regarding the government's breach of a plea agreement is *Santobello v. New York*.[2] In that case, the prosecutor agreed to make no recommendation as to the sentence.[3] However, at sentencing the prosecutor recommended the maximum sentence.[4] Following an objection by the defense, the sentencing judge stated that he was not at all influenced by what the prosecutor said and that the prosecutor's recommendation made no difference to the court.[5] In vacating the judgment of conviction due to the breach of the plea agreement, the Supreme Court explained:

> [The sentencing judge] stated that the prosecutor's recommendation did not influence him and we have no reason to doubt

---

[1] We note that the sentencing judge did not explicitly state that he was not influenced by the State's breach, as the State contends on appeal.

[2] 404 U.S. 257 (1971).

[3] *Id.* at 258.

[4] *Id.* at 259.

[5] *Id.*

that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration [of the appropriate relief for the breach—specific performance or withdrawal of the plea].[6]

Since *Santobello,* we have stated that the State's violation of a plea agreement " 'requires reversal.' "[7] Our case law has implicitly rejected harmless-error analysis in the event of a breach of a plea agreement, and we now make that rejection explicit.

Additionally, in each of the cases in which we concluded that the State breached the plea agreement and that specific performance of the agreement was the proper remedy, we vacated the appellant's sentence and instructed the district court on remand to hold a new sentencing hearing before a different judge.[8] We reject the State's argument that reassignment to a different judge is appropriate only in unusual cases. Therefore, we hold that when the State breaches a plea agreement, the case must be reassigned to a different sentencing judge for resentencing.

## CONCLUSION

Because the State breached the plea agreement, we conclude that harmless-error analysis is not applicable, and this case must be remanded for resentencing before a different judge. Accordingly, we vacate Echeverria's sentence and instruct that a new sentencing hearing be held before a different judge.[9]

YOUNG, Sr. J., concurs.

AGOSTI, C. J., dissenting:

I dissent. I would affirm the judgment of conviction and sentence imposed against Echeverria.

---

[6]*Id.* at 262-63.

[7]*Citti v. State,* 107 Nev. 89, 91, 807 P.2d 724, 726 (1991) (quoting *Van Buskirk v. State,* 102 Nev. 241, 243, 720 P.2d 1215, 1216 (1986)); *see also Kluttz v. Warden,* 99 Nev. 681, 684, 669 P.2d 244, 246 (1983); *Riley v. Warden,* 89 Nev. 510, 513-14, 515 P.2d 1269, 1271 (1973).

[8]*See, e.g., Citti,* 107 Nev. at 94, 807 P.2d at 727; *Wolf v. State,* 106 Nev. 426, 428, 794 P.2d 721, 723 (1990); *Van Buskirk,* 102 Nev. at 244, 720 P.2d at 1217; *Kluttz,* 99 Nev. at 684, 669 P.2d at 246; *Riley,* 89 Nev. at 514, 515 P.2d at 1271.

[9]THE HONORABLE CLIFF YOUNG, Senior Justice, having participated in the oral argument and deliberations of this matter as a Justice of the Nevada Supreme Court, was assigned to participate in the determination of this appeal following his retirement. Nev. Const. art. 6, § 19; SCR 10.

In vacating Echeverria's sentence, the majority has adopted two rules that are broader than what is required to decide this case. In so doing, the majority oversimplifies the problems which arise by the State's breach of a plea agreement.

First, the majority holds that every breach of a plea bargain requires reversal without any analysis as to whether the defendant has suffered prejudice. The State's breach of the plea bargain struck in this case was substantial. Not every breach, however, is substantial. As is sometimes the case, the State might inadvertently misstate the plea bargain or the State's breach might be innocuous or minor. The presentence report, which also recites the plea negotiations, sometimes inaccurately recounts the details of an agreement. The State might be guilty of a substantial breach but the trial court might deviate only minimally from the true plea bargain, imposing a sentence against the defendant which is close, though not identical, to the plea bargain. The State might violate the plea bargain but, as occurred here, the court might promptly notice the breach and immediately require the State to remedy the violation. Under any of these circumstances I find it difficult to justify vacating a defendant's sentence and remanding for an entirely new sentencing hearing.

I prefer an approach which first evaluates the magnitude of the breach and the prejudice, if any, suffered by a defendant before determining the necessity of a new sentencing hearing. Utilizing this approach, this case need not be remanded for a new sentencing hearing since the trial court here promptly noted the breach, ordered specific performance of the plea bargain and explicitly stated that the breach did not influence its sentencing decision.

Second, the majority holds that whenever a plea bargain is breached to the defendant's detriment, the case must be reassigned to a different judge for resentencing. I disagree. Once again, the holding is in excess of what might be called for in this case. Even if I agreed that the sentence ought to be vacated and the case remanded, I do not believe every such case requires reassignment upon remand. The reassignment of a case to a different court is not the "usual remedy," and reassignment is reserved for " 'unusual circumstances.' "[1]

I prefer the approach employed in *United States v. Arnett*.[2] There, the court decided that, absent evidence of personal bias on the part of the sentencing judge, the factors to be considered in deciding whether reassignment is necessary include:

"(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his

---

[1]*United States v. Arnett,* 628 F.2d 1162, 1165 (9th Cir. 1979) (quoting *United States v. Robin,* 553 F.2d 8, 10 (2d Cir. 1977) (en banc)).

[2]628 F.2d 1162.

or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness."[3]

This weighing process was followed by the Ninth Circuit in *United States v. Travis*[4] under circumstances where the breach was more grievous than in this case because the prosecution not only failed to stand mute, as promised, but when challenged for its failure, persisted in the breach. The mentioned factors were also applied by the United States Court of Appeals for the District of Columbia Circuit in *United States v. Wolff*.[5] *Wolff* also considered the question of whether reassignment was required under *Santobello v. New York*.[6] I agree with its analysis and conclusion that *Santobello* is not binding precedent on this issue.

In applying the factors to this case, I conclude that no reason exists to reassign the case to another judge. Reassignment would involve waste and duplication because a judge unfamiliar with the case would be required to review the entire record. In addition, allowing the judge who originally sentenced Echeverria to continue on with the case would not subvert the appearance of justice since the record clearly indicates that the judge was not influenced by the State's breach. Finally, this is not a case where there was evidence originally presented that the trial judge must now put out of his mind. Nor did the trial judge express views which would be difficult to set aside at a new sentencing. The judge did sentence the defendant more harshly than was called for in the plea bargain, but that was his prerogative. The judge imposed a sentence which is reasonably supported by the circumstances of this case.

Finally, I dissent to reassignment because I fear strategic breaches of plea bargains. It is conceivable and yet ironic that the State might abuse the automatic reversal to take advantage of the rule of automatic reassignment. The State might use breach as a matter of strategy to disqualify a judge it perceives as lenient in the hope of having the case reassigned to a forum less likely to follow the agreement. Thus, the State could breach the agreement in order to enhance the chances that the agreement is later rejected by a different sentencing judge.

Based upon all of the above, I respectfully dissent.

---

[3]*Id.* at 1165 (quoting *Robin,* 553 F.2d at 10).

[4]735 F.2d 1129, 1132 (9th Cir. 1984).

[5]127 F.3d 84, 87-88 (D.C. Cir. 1997).

[6]404 U.S. 257 (1971).