# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHELLE ANTWANETTE PAET,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 70037

FILED

DEC 1 5 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of one count each of conspiracy to commit murder and first-degree murder with the use of a deadly weapon. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Michelle Antwanette Paet challenges the life-without-parole sentence imposed for the murder conviction. Because the district court is afforded wide discretion in its sentencing decision, *Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), we will refrain from interfering with its decision "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976).

Paet has not identified any information or accusations that were based solely on impalpable or highly suspect evidence. Even if the victim's sister-in-law did not have a right under NRS 176.015(3) to make a victim impact statement because she did not meet the definition of "victim" or "relative" set forth in NRS 176.015(5), the district court nonetheless could allow her to testify. *See* NRS 176.015(6) ("This section

16-38983

does not restrict the authority of the court to consider any reliable and relevant evidence at the time of sentencing."); *Wood v. State*, 111 Nev. 428, 430, 892 P.2d 944, 945-46 (1995) (explaining that NRS 176.015 does not act as a statutory limit on the evidence that a district court may receive in sentencing and the court has discretion to consider other admissible evidence). And more importantly for purposes of our review, the district court expressly stated that nothing the sister-in-law said played a part in its decision as to the appropriate sentence.

We also are not convinced that Paet was prejudiced at sentencing because the case started as a death penalty case.[1] Although Paet moved to strike the single aggravating circumstance and the district court denied that motion before Paet entered her guilty plea, Paet did not reserve the right to appellate review of the district court's decision. *See* NRS 174.035(3). And we are not convinced that the initial prosecution of this matter as a death penalty case prejudiced the court's sentencing decision. Rather, the record shows that the district court carefully considered the parties' sentencing presentations, including the mitigating circumstances offered by the defense, before arriving at a sentence for the murder conviction that is within the limits set by NRS 200.030(4)(b).

Paet finally suggests that because the district court opined that reasonable jurists could disagree as to whether to impose a life-with-parole or life-without-parole sentence in this case, the court was required to impose the lesser sentence. We are not convinced that the court's observation means that it had no option but to choose the lesser sentence,

---

[1]The State agreed to withdraw the notice of intent to seek the death penalty as part of the plea negotiations.

*cf. United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (observing that appellate court "may not reverse just because we think a different sentence is appropriate"), particularly where the court explained the facts and circumstances supporting its exercise of discretion to impose the greater sentence—that Paet and a man with whom she had had a sexual relationship planned her husband's murder for a period of weeks, culminating in the victim being shot and killed as he stood in the garage at the family home while his and Paet's four children were in the home.

Because we discern no abuse of the district court's wide sentencing discretion, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Douglas W. Herndon, District Judge
       Dayvid J. Figler
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk