**137 Nev., Advance Opinion 62**

IN THE SUPREME COURT OF THE STATE OF NEVADA

HENRY BIDERMAN APARICIO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80072



FILED

OCT 07 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of driving under the influence resulting in death and one count of felony reckless driving. Eighth Judicial District Court, Clark County; Cristina D. Silva, Judge.

*Affirmed in part, vacated in part, and remanded.*

Nevada Defense Group and Kelsey Bernstein and Damian Sheets, Las Vegas,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Alexander Chen and Jonathan E. VanBoskerck, Chief Deputy District Attorneys, Clark County,
for Respondent.

Aaron D. Ford, Attorney General, Heidi Parry Stern, Solicitor General, and Jeffrey M. Conner, Deputy Solicitor General, Carson City,
for Amicus Curiae Office of the Attorney General.

Darin F. Imlay, Public Defender, and Deborah L. Westbrook, Chief Deputy Public Defender, Clark County,
for Amicus Curiae Clark County Public Defender.

John L. Arrascada, Public Defender, John Reese Petty, Chief Deputy Public Defender, and Kendra G. Bertschy, Deputy Public Defender, Washoe County,
for Amicus Curiae Washoe County Public Defender's Office.

21-28751

Rene L. Valladares, Federal Public Defender, and Randolph M. Fiedler, Assistant Federal Public Defender, Las Vegas; Las Vegas Defense Group and Charles R. Goodwin, Las Vegas,
for Amicus Curiae Nevada Attorneys for Criminal Justice.

---

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, HARDESTY, C.J.:

Article 1, Section 8A of the Nevada Constitution, also known as Marsy's Law, and NRS 176.015 both afford a victim the right to be heard at sentencing. The provisions differ, however, in their definitions of "victim." Marsy's Law defines "victim" as "any person *directly and proximately* harmed by the commission of a criminal offense under any law of this State." Nev. Const. art. 1, § 8A(7) (emphasis added). NRS 176.015(5)(d)(1)-(3) defines "victim" in part as any person or relative of any person "against whom a crime has been committed" or "who has been injured or killed as a direct result of the commission of a crime."

In this opinion, we clarify that the definitions of "victim" under Marsy's Law and NRS 176.015(5)(d) are harmonious, if not identical. Although "victim" under Marsy's Law may include individuals that NRS 176.015 does not, and vice versa, neither definition includes anyone and everyone impacted by a crime, as the district court found here. Accordingly, when presented with an objection to impact statement(s) during sentencing, a district court must first determine if an individual falls under either the constitutional definition or the statutory definition of "victim." If the

statement is from a nonvictim, a district court may consider it only if the court first determines that the statement is relevant and reliable. *See* NRS 176.015(6). Because the district court here wrongly concluded that Marsy's Law broadly applies "to anyone who's impacted by the crime" and thus considered statements, over objection, from persons who do not fall under either definition of victim without making the required relevance and reliability findings, we affirm the judgment of conviction, vacate the sentence, and remand for resentencing in front of a different district court judge.

## FACTS AND PROCEDURAL HISTORY

After an evening of drinking with his girlfriend, appellant Henry Biderman Aparicio rear-ended Christa and Damaso Puentes's vehicle at the intersection of Sahara Avenue and Hualapai Way in Las Vegas. At the time of impact, the Puentes's vehicle was stopped, while Aparicio's vehicle was traveling roughly 100 miles per hour. Both Christa and Damaso died from their injuries before or near the time first responders arrived.[1]

The State charged Aparicio with two counts of driving under the influence resulting in death, three counts of felony reckless driving, and one count of driving under the influence resulting in substantial bodily harm. Aparicio pleaded guilty to two counts of driving under the influence resulting in death and one count of felony reckless driving, naming Christa and Damaso as the victims. The State agreed to recommend concurrent prison time on the reckless driving charge.

---

[1]Aparicio's girlfriend was a passenger in his vehicle at the time and also sustained injuries. However, the charges related to her were dismissed pursuant to the plea agreement.

Shortly before sentencing, the State provided the district court and Aparicio with approximately 50 victim impact letters written by family, friends, and coworkers of the deceased victims. Aparicio filed a written objection to the admission of 46 of the victim impact letters, arguing that the individuals who drafted those letters did not qualify as victims under NRS 176.015(5)(d).[2] Aparicio also voiced multiple objections during the sentencing hearing in response to various in-court witnesses' statements because the testimony exceeded the bounds of victim impact information. Aparicio presented mitigating evidence, including that he had no prior criminal record. The district court overruled the objections and sentenced Aparicio to an aggregate prison term of 15 to 44 years. Aparicio timely appealed, challenging various aspects of his sentencing hearing. A divided court of appeals vacated and remanded for resentencing. We granted review, thereby vacating the decision by the court of appeals.

## DISCUSSION

The crux of Aparicio's argument on appeal is that the district court abused its discretion by overruling his objection to the admission of dozens of improper impact letters because they were written almost entirely by nonvictims and relied upon when determining his sentence. Accordingly, Aparicio contends that he is entitled to a new sentencing hearing before a different judge. The State argues that the district court properly considered

---

[2]Although an amended version of NRS 176.015 went into effect in July 2020, we cite to the prior version that was in effect at the time of the relevant proceedings in the district court. *See* 2017 Nev. Stat., ch. 484, § 1, at 3018. Additionally, the sections of the statute that were amended are not relevant to this appeal.

the impact statements, as their authors were victims under Nevada law, specifically NRS 176.015(5)(d) and Article 1, Section 8A(7) of the Nevada Constitution. The State contends further that even if the district court did err, any such error was harmless. We agree with Aparicio and therefore vacate the sentence and remand for a new sentencing hearing before a different district court judge.[3]

*The district court erred when it summarily overruled Aparicio's objection to 46 of the approximately 50 victim impact letters*

NRS 176.015(5)(d) defines "victim" as "(1) A person, including a governmental entity, against whom a crime has been committed; (2) A person who has been injured or killed as a direct result of the commission of a crime; and (3) A relative of a person described in subparagraph (1) or (2)." Under NRS 176.015(5)(b)(1)-(4), a "relative" includes "[a] spouse, parent, grandparent or stepparent," "[a] natural born child, stepchild or adopted child," "[a] grandchild, brother, sister, half brother or half sister," and "[a] parent of a spouse."

Under Marsy's Law, "victim" is defined as "any person *directly and proximately* harmed by the commission of a criminal offense under any law of this State." Nev. Const. art. 1, § 8A(7) (emphasis added). The clause states further that "[i]f the victim is . . . deceased, the term [victim also] includes the legal guardian of the victim or a representative of the victim's

---

[3]Aparicio also argues that the district court improperly permitted witnesses to make in-court statements that were disparaging to him, the criminal justice system, and the Nevada Division of Parole and Probation and that the manner in which the letters were submitted to the district court was improper. In light of our disposition, however, we need not address these claims.

estate, *member of the victim's family* or any other person who is appointed by the court to act on the victim's behalf." *Id.* (emphasis added).

The constitutional and statutory definitions of "victim" are similar. In particular, they both recognize that a victim is the person (or persons) who is legally injured or harmed as a direct result of the defendant's criminal conduct—i.e., the person who was the target or object of the offense, or one who was directly and proximately harmed as a result of the criminal act—as well as certain close family members. Neither definition for "victim," however, includes anyone and everyone who was affected by the crime. Under either definition, a "victim" must still be injured or directly and proximately harmed.

Here, the prosecutor submitted approximately 50 impact letters to the district court and characterized all of them as "victim" impact statements. The district court accepted all of the letters and relied on them in making its sentencing decision. However, the district court reviewed the letters in their entirety based upon an erroneous interpretation of Marsy's Law—that "the Nevada Constitution broadly defines victim [as] anyone who's impacted by the crime." We conclude that the district court erred in admitting these letters based upon its erroneous interpretation of Marsy's Law. Once an objection had been lodged, the district court was required to determine, on the record, how each author of the impact statements was "directly and proximately harmed." Nev. Const. art. 1, § 8A(7). In the future, upon objection, district courts must determine on the record whether each individual is a "victim" as defined in Marsy's Law or NRS 176.015(5)(d), and why.

This is not to say that only letters written by victims may be considered at sentencing. As the State correctly points out, NRS 176.015(6)

SUPREME COURT
OF
NEVADA

(O) 1947A

specifically states that "[t]his section does not restrict the authority of the court to consider *any reliable and relevant evidence* at the time of sentencing." (Emphasis added.) Therefore, that the district court considered letters from nonvictims was not, in and of itself, a reversible error. *See Wood v. State*, 111 Nev. 428, 430, 892 P.2d 944, 946 (1995) (holding that NRS 176.015 "does not limit in any manner a sentencing court's existing discretion to receive other admissible evidence" from a nonvictim so long as the evidence is relevant and reliable). However, based on the record before this court, it is clear that the district court treated the objected-to *nonvictim* impact letters the same as victim impact letters and did not determine whether they were relevant and reliable.

Upon objection, a district court is required to examine each statement and determine, in the first instance, whether it is from an individual who is a "victim" under either Marsy's Law or NRS 176.015(5)(d). If the statements are not from "victims," then a district court may still examine the statements, but only after a finding that they are relevant and reliable. The district court here adopted all of the impact statements as "victim" impact statements under an erroneous interpretation of Marsy's Law and did not otherwise determine whether the nonvictim letters were relevant and reliable. We thus conclude that the district court erred.

*The district court's error was not harmless*

This court will not vacate a judgment of conviction or sentencing decision unless the error affected the defendant's substantial rights. *See* NRS 178.598 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). Accordingly, the State urges this court to affirm Aparicio's sentence, arguing that "[a]ny error due to the district court considering the victim impact statements . . . would be harmless."

When determining whether a sentencing error is harmless, reviewing courts "look to the record . . . to determine whether the district court would have imposed the same sentence absent the erroneous factor." *United States v. Collins*, 109 F.3d 1413, 1422 (9th Cir. 1997) (internal quotation marks omitted). Generally, a reviewing court will not interfere with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence." *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976).

In this case, the district court erred in a manner that cannot be considered harmless. In misconstruing Marsy's Law as including "anyone who's impacted by the crime," the district court mistakenly believed that it had to consider all of the submitted letters as victim impact statements. The district court made clear that it fully considered each of those impact statements, explaining that "I'm accepting those victim impact statements and I have read each and every one of them that was submitted to me." Additionally, the district court stated that it "accept[ed] everything and considered that in rendering my sentence here today."

In doing so, the district court did not exercise its discretion, believing that all of the statements constituted victim impact statements. *Cf. Clark v. State*, 109 Nev. 426, 429, 851 P.2d 426, 428 (1993) (remanding for resentencing where it appeared the trial court believed it was required to adjudicate a defendant as a habitual offender, although the adjudication was discretionary). Of the approximately 50 letters submitted, fewer than five came from individuals clearly meeting the statutory or constitutional definition of "victim." The district court's consideration, over Aparicio's objection, of all of the statements without determining whether each one

was from an individual directly and proximately impacted, Nev. Const. art. 1, § 8A(7), fell within NRS 176.015(5)(d), or was relevant and reliable, NRS 176.015(6), makes it impracticable for this court to know, with any degree of certitude, whether the district court's sentencing decision was based upon relevant and reliable evidence or on impalpable or highly suspect evidence. *See Silks*, 92 Nev. at 94, 545 P.2d at 1161. This uncertainty precludes us from determining that the error was harmless as the State argues. The fact that the district court based its decision to consider the statements, at least in part, on a mistaken interpretation of the law, requires us to conclude that these errors were not harmless.

## CONCLUSION

Critical to our system of criminal justice is the importance of protecting victims' rights during sentencing. The passage of Marsy's Law supports such protection, giving victims a voice during that process. Nothing in this opinion should be read to suggest otherwise.

When a district court is faced with an objected-to impact statement at sentencing, it is required to determine whether that statement is from an individual who is a "victim" under Marsy's Law or NRS 176.015(5)(d). A "victim" under Marsy's Law must be directly and proximately harmed; the term does not include anyone and everyone incidentally impacted by the crime. If the district court determines the statement is from a nonvictim, the district court may nonetheless examine the statement so long as it determines that the statement is relevant and reliable. Here, the district court examined all of the letters under an erroneous belief that they were from "victims" as defined in Marsy's Law. Thus, we are required to vacate the sentence and remand this case, despite the inevitable pain and distress this will cause the surviving family members to again participate in a sentencing hearing, because it is not clear

that the district court would have imposed the same sentence absent these errors.

Accordingly, we affirm the judgment of conviction, vacate Aparicio's sentence, and remand to the district court for resentencing before a different district court judge.

_____, C.J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A