IN THE SUPREME COURT OF THE STATE OF NEVADA

VALLEY HEALTH SYSTEM, LLC, D/B/A
CENTENNIAL HILLS HOSPITAL
MEDICAL CENTER; GREENBERG
TRAURIG, LLP; UHS OF DELAWARE;
AND TAK-YING SHEFFIELD, R.N.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA, IN
AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE NADIA KRALL,
DISTRICT JUDGE,
Respondents,
and
RAYMOND BELLAVANCE; AND ROBIN
BELLAVANCE, INDIVIDUALLY AND AS
CO-GUARDIANS OF JOSEPH
BELLAVANCE, A PROTECTED PERSON,
Real Parties in Interest.

No. 84330

FILED

JUN 0 1 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition seeks a writ of mandamus or prohibition directing the district court to vacate discovery orders and assigning the case to a different district court department.

### FACTUAL AND PROCEDURAL HISTORY

Real parties in interest Joseph Bellavance and his parents (collectively, Bellavance) sued petitioners Valley Health System, LLC (VHS) d/b/a Centennial Hills Hospital Medical Center (CHH) and Tak-Ying Sheffield, R.N., after Joseph suffered severe brain damage following a brain surgery. The medical records that Bellavance obtained from CHH before suing, and those that CHH thereafter produced under NRCP 16.1, omitted Joseph's post-surgical assessment and treatment records. The omission did

22-17354

not come to light until deposition discovery was underway. When it did, counsel for CHH contacted the electronic record provider and supplemented its prior productions with what CHH maintains are the omitted records. CHH also offered to reimburse Bellavance for the expense associated with redoing the discovery that had taken place without the complete records. CHH also did not disclose all relevant insurance policies and, after several conferences, CHH supplemented these disclosures as well.

Asserting that CHH's untimely and incomplete productions prejudiced their case, Bellavance filed a motion requesting an "Order of sanctions against CHH and striking its Answer and defenses in accordance with NRCP 37." Up to that point, CHH was represented by a local medical malpractice firm as trial counsel. Thereafter, additional CHH counsel, petitioner Greenberg Traurig, LLP, sent a letter authored by attorney Jacob Bundick to Bellavance explaining that the medical record production was inadvertently incomplete due to a variety of issues related to the methods and processes CHH used to identify and gather the relevant documents from the electronic record provider. That letter included yet additional documents CHH found via new search methods and processes and attempted to explain the earlier incomplete productions and the variations in some of the documents.

CHH filed an opposition to Bellavance's sanction motion. In addition to generally arguing against sanctions for failing to disclose the medical records given that it asserted that it had now provided Bellavance a complete set, CHH also posited that sanctions were not warranted to deter future conduct regarding the failure to disclose relevant insurance policies because "CHH and its subsidiaries have had over 346 cases filed against them" in the previous two years with no discovery sanctions. This prompted

Bellavance to ask the court to direct CHH to produce the initial disclosures from those 346 cases, arguing that the information was needed to determine the sanctions necessary to deter similar future conduct. The district court orally granted Bellavance's request and set the matter for an evidentiary hearing "on the issue[s] of the medical records and their alteration, and . . . the insurance polic[ies]," and "to determine what, if any, sanctions" to impose.

Bellevance issued and served subpoenas on Bundick and his assistant, requiring them to testify at the hearing. Greenberg Traurig moved to quash the subpoenas, and CHH moved to reconsider the hearing's scope as it pertained to insurance disclosures in other CHH cases. CHH included an affidavit from Bundick wherein he claimed that he made an error as to the 346 cases, stating that number represented the cases that petitioner UHS of Delaware and all of its subsidiaries had been involved in, not CHH specifically. By its motion, CHH sought to limit the hearing and its production obligation to only cases involving CHH.

The district court orally addressed CHH's motion at the start of the evidentiary hearing. The district court limited the disclosures from CHH's other cases to only those in Nevada involving CHH and VHS. But the district court refused to quash Bundick's and his assistant's subpoenas, citing its concern that Bundick had misrepresented to the court when he and his firm became involved in the case and his client's insurance-disclosure and sanction record in other cases. In making its rulings, the district court found that (1) by writing the letter explaining the updated medical records disclosures, Bundick put privileged communications at issue, waiving the work product and attorney-client privileges and making

SUPREME COURT
OF
NEVADA

(O) 1947A

himself a witness in the case, and (2) that the crime-fraud exception to the attorney-client privilege applied.

The evidentiary hearing proceeded and Bellavance called Bundick as a witness. CHH and Greenberg Traurig (who had its own counsel appear) objected numerous times during Bundick's questioning based on attorney-client and work-product privileges. Despite the court overruling these objections, the parties agreed to pause Bundick's testimony and instead call the witness who assisted CHH in obtaining and producing what it represented to be Bellavance's entire medical file from the electronic medical records provider. The second day of the hearing ended in the middle of that witness's testimony, and petitioners filed a writ petition with this court regarding the privilege issues. After we directed the district court to enter written orders regarding its decisions, the district court entered an order granting in part and denying in part CHH's motion for reconsideration of the scope of the evidentiary hearing, and an order denying Greenberg Traurig's motion to quash the subpoenas for Bundick and his assistant. Both orders stated that CHH's counsel had violated Nevada's Rules of Professional Conduct. Now before us is petitioners' supplemental petition which asks us to vacate these orders. As directed, Bellavance has filed an answer and petitioners have filed a reply. Further proceedings on the sanctions hearing have been stayed pending decision on the writ petition.

## DISCUSSION

Petitioners' main contention is that the district court abused its discretion in concluding that attorney-client and work-product privileges were waived. A writ petition is the proper mechanism for petitioners to seek relief as to this issue. While we rarely consider petitions challenging

discovery orders, consideration here is appropriate because the district court deemed certain privileges waived and, "once information is produced, any privilege applicable to that information cannot be restored."[1] *Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 167, 169, 252 P.3d 676, 677 (2011); *see also Canarelli v. Eighth Judicial Dist. Court*, 136 Nev. 247, 250, 464 P.3d 114, 119 (2020) (recognizing that this court will intervene via a writ when a district court wrongfully orders the disclosure of privileged information). And we disagree with Bellavance that the issue is moot due to Bundick and his assistant having completed their testimony because, in light of the district court's orders, nothing prevents Bellavance from recalling them or otherwise delving into privileged information. *See Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (discussing the mootness doctrine).

Petitioners' challenge to the district court's findings that counsel violated the Nevada Rules of Professional Conduct is also appropriately raised by writ petition. *See Valley Health Sys., LLC v. Estate of Doe*, 134 Nev. 634, 638, 427 P.3d 1021, 1026 (2018) (concluding that the finding of an RPC violation constitutes a "reputational sanction" that is "reviewable by writ"). We will consider petitioners' remaining argument, whether the district court abused its discretion in entering orders against Sheffield and UHS, in the interest of judicial economy. *See City of Mesquite v. Eighth Judicial Dist. Court*, 135 Nev. 240, 243, 445 P.3d 1244, 1248

---

[1]Bellavance argues that we should not entertain the petition or grant relief because no privileged information has been divulged or is in danger of being divulged. We disagree. The danger of privileged information being divulged arose once the district court deemed attorney-client and work-product privileges waived.

(2019) (considering issues via a writ petition when judicial economy warranted it).

*Waiver of privileges*

In its order denying Greenberg Traurig's motion to quash Bellavance's subpoenas of Bundick and his assistant, the district court concluded that petitioners had waived both attorney-client and work-product privileges on two grounds: the crime fraud-exception and the at-issue exception. We address each in turn.

*Crime-fraud exception*

NRS 49.115(1) sets forth the crime-fraud exception to attorney-client privilege: "There is no privilege under NRS 49.095 or NRS 41.105 . . . [i]f the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud."[2] For the statutory exception to apply, the party asserting the crime-fraud exception "has the burden of making a prima facie showing that the communications were in furtherance of an intended or present illegality . . . and that there is some relationship between the communications and the illegality." *In re Grand Jury Proceedings*, 87 F.3d 377, 380 (9th Cir. 1996) (alteration in original) (quoting *United States v. Laurins*, 857 F.2d 529, 540 (9th Cir. 1988)). The moving party cannot "merely . . . allege that it has a sneaking suspicion the client was engaging in or intending to engage in a crime or fraud when it consulted the attorney." *Id.* at 381. The district court must instead "find

___

[2]NRS 49.095 provides that the client has the privilege to refuse to disclose and prevent others from disclosing confidential communications between the client and/or their representative and the attorney and/or their representative. NRS 49.105 states who may claim the privilege.

 

reasonable cause to believe that the attorney's services were utilized in furtherance of the ongoing unlawful scheme." *Id.* (internal quotation marks and alteration omitted); *see also Rock Bay, LLC v. Eighth Judicial Dist. Court*, 129 Nev. 205, 211 n.3, 298 P.3d 441, 445 n.3 (2013) (recognizing that federal cases interpreting federal laws that have Nevada counterparts are "strongly persuasive").

In its written order, the district court concludes Bellavance presented prima facie evidence "that somebody altered Joseph's medical records," and cites NRS 199.210, which makes it a felony to knowingly offer "forged or fraudulently altered" evidence at a judicial hearing. This statute does not appear in the district court's oral rulings, and appears to be based on the district court's finding that the records Bundick produced with his letter to Bellavance contained "material differences" from the previously disclosed medical records. But the fact that the newly produced records contained material differences, even if accurate, does not equate to prima facie evidence that they were forged or fraudulently altered, or that petitioners submitted the records with knowledge of their forged or fraudulent nature or sought counsel's services to enable them to commit a crime or fraud. Indeed, the evidentiary hearing was convened to determine what caused the differences in the productions and whether they occurred by accident or design, or technological failure. And, since the record contains no prima facie evidence that petitioners violated NRS 199.210, we agree that the district court erred in concluding the crime-fraud exception applied to waive attorney-client and work-product privileges. *See Las Vegas Sands Corp. v. Eighth Judicial Dist. Court*, 130 Nev. 643, 650, 331 P.3d 905, 909-10 (2014) (reviewing privilege issues, which are "governed primarily by statute," de novo).

*At-issue exception*

The "at-issue" doctrine provides "that a party waives his privilege if he affirmatively pleads a claim or defense that places at-issue the subject matter of privileged material over which he has control." *Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 354, 891 P.2d 1180, 1186 (1995) (quoting *Developments in the Law-Privileged Communications*, 98 Harv. L. Rev. 1450, 1637 (1985)). The "waiver occurs when the holder of the privilege pleads a claim or defense in such a way that eventually he or she will be forced to draw upon the privileged communication at trial in order to prevail." *Id.* at 355, 891 P.2d at 1186. But here, CHH pleaded no claim or defense to trial issues that would require the disclosure of privileged information. Rather, the crux of the at-issue waiver found by the district court was based on CHH's defense to Bellavance's discovery sanctions motion, not on its defense to a substantive trial issue. As such, *Wardleigh*'s at-issue doctrine does not apply to waive the privileges in this case.[3] *See id.; see also Laser Indus., Ltd. v. Reliant Tech., Inc.*, 167 F.R.D. 417, 446 (N.D. Cal. 1996) (recognizing that courts are unlikely to find at-issue waiver when the statements purported to constitute waiver address matters outside of trial issues); *Am. Optical Corp. v. Medtronic, Inc.*, 56

---

[3]Furthermore, while the district court noted the differences between attorney-client and work-product privileges, when concluding that the crime-fraud and at-issue exceptions applied to waive the privileges it did not distinguish between them. *See Cotter v. Eighth Judicial Dist. Court*, 134 Nev. 247, 250, 416 P.3d 228, 232 (2018) (discussing the differences between attorney-client privilege, which "protect[s] the confidential relationship between attorney and client," and work-product privilege, which "protects an attorney's mental impressions, conclusions, or legal theories concerning the litigation, as reflected in memoranda, correspondence, interviews, briefs, or in other tangible and intangible ways" (quoting *Wardleigh*, 111 Nev. at 357, 891 P.2d at 1188)).

SUPREME COURT
OF
NEVADA

(O) 1947A

F.R.D. 426, 432 (refusing to find at-issue waiver in part because the challenged statements did not pertain to trial evidence, but to pre-trial matters); 98 C.J.S. *Witnesses* § 300 (2022) (stating the exception applies when a party "assert[s] a claim or defense by reference to otherwise privileged information"). Based on the foregoing, writ relief is warranted to vacate the district court's order refusing to quash the subpoenas for Bundick and his assistant based on waiver of the attorney-client and work-product privileges.[4]

*Rules of Professional Conduct violations*

Both of the challenged orders include findings that the district court admonished Bundick and CHH's other counsel for violating RPC 3.3 (candor to the court) and RPC 3.4 (fairness to the opposing party and opposing counsel) on the first day of the evidentiary hearing. This was based on the court's finding that Bundick made misrepresentations regarding when Bundick became involved in the case and the disclosure of CHH insurance policies in other cases. Such findings amount to reputational sanctions. *See Valley Health*, 134 Nev. at 643-44, 427 P.3d at 1030. Bellavance contends the district court properly admonished the attorneys while petitioners argue that the evidence does not support the court's findings. The record before us supports petitioners. The district court made these findings before taking all the evidence relevant to its decision such that we cannot conclude that substantial evidence supports the sanctions at this point in the proceedings. *See id.* at 639, 427 P.3d at

---

[4]This is not to say that the crime-fraud or at-issue exceptions could not be found to apply after the district court concludes its evidentiary hearing on the sanctions motion below. Indeed, the writ petition before us and the stay that followed interrupted the district court's taking of evidence on those issues.

1027 ("Non-case-concluding sanctions will be upheld if the district court's sanction order is supported by substantial evidence."). Moreover, we are not convinced that Bundick's misstatements were material, especially considering his later correction of them both orally and by affidavit to the court, in compliance with the obligation stated in RPC 3.3(a)(1). Accordingly, we also grant writ relief as to this issue.

*Sheffield and UHS of Delaware*

Petitioners next argue that the district court erred in including Sheffield and UHS in its orders as parties to be sanctioned. We agree. Both orders purport to consider sanctions against VHS, which is defined to include Sheffield and UHS, in addition to CHH. But Bellavance's motion did not seek sanctions against Sheffield or UHS; instead, Bellavance sought sanctions only against VHS doing business as CHH. Although Bellavance is correct that the district court later granted a motion for leave to file an amended complaint adding UHS as a party, that does not change the fact that UHS and Sheffield neither received notice that sanctions could be entered against them nor had an opportunity to oppose such sanctions, violating their due process rights. *See Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007) ("This court has recognized that procedural due process requires notice and an opportunity to be heard." (internal quotation marks omitted)). We therefore grant writ relief as to this issue as well.

*Reassignment*

In their final request, petitioners ask this court to direct the chief judge to reassign this case to a different district judge pursuant to NRS 3.025(2)(a). *Wickliffe v. Sunrise Hosp., Inc.*, 104 Nev. 777, 783, 766 P.2d 1322, 1326-27 (1988) (directing reassignment of case to different judge on remand, citing Nev. Const. art. 6, § 19(1)); *California v. Montrose Chem. Corp.*, 104 F.3d 1507, 1521 (9th Cir. 1997) (holding that, in evaluating a

SUPREME COURT
OF
NEVADA



(O) 1947A

10

request for reassignment on remand, an appellate court considers "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness" (quoting *Smith v. Mulvaney*, 827 F.2d 558, 562-63 (9th Cir. 1987) (citation omitted))).

Petitioners did not seek recusal or disqualification below, and Bellavance has not responded to the reassignment request. An order directing reassignment by an appellate court without a disqualification motion in district court is rare "but occasionally warranted, even in the absence of bias, to avoid an appearance of partiality." *United States v. New York City*, 717 F.3d 72, 99 (2d Cir. 2013); *compare Canarelli v. Eighth Judicial Dist. Court*, 138 Nev., Adv. Op. 12, 506 P.3d 334, 339 (2022) (reversing an order granting a motion to disqualify for actual bias where the record did not establish that the district court had "form[ed] an opinion that 'display[ed] "a deep-seated favoritism or antagonism that would make fair judgment impossible'" (quoting *Kirksey v. State*, 112 Nev. 980, 1007, 923 P.2d 1102, 1119 (1996) and *Liteky v. United States*, 510 U.S. 540, 555 (1994))), *with Aparicio v. State*, 137 Nev., Adv. Op. 62, 496 P.3d 592, 597 (2021) (reassigning a case to a different district court judge on remand for resentencing where the judge erred in considering the impact of statements from friends and non-immediate family members of the victim); *FCH1, LLC v. Rodriguez*, 130 Nev. 425, 435, 335 P.3d 183, 190 (2014) (granting appellant's request that, on remand, the case be reassigned to a different

SUPREME COURT
OF
NEVADA

(O) 1947A

11

district judge); *Leven v. Wheatherstone Condo. Corp.*, 106 Nev. 307, 310, 791 P.2d 450, 451 (1990) (similar).[5]

We conclude that reassignment is warranted. The district court set an evidentiary hearing to resolve factual issues related to Bellavance's sanctions motion based on CHH's alleged discovery abuses. These factual issues regarding the level of culpability of CHH included the electronic storage issues with respect to its medical record production, its delayed insurance disclosures, and the issues of when Bundick became involved in the case and whether CHH failed to disclose relevant insurance policies in other cases. But the record shows that, before taking evidence on these issues, the district court concluded that Bundick had misrepresented to the court both when he became involved in the case and that CHH's insurance disclosures in other cases would show that CHH generally complied with discovery rules. The court called these statements "false" and stated defense counsel was not "fully honest" with the court or opposing counsel

And, as to the privilege issues that arose during the evidentiary hearing, the district court again concluded, before the parties presented all their evidence regarding the circumstances surrounding the incomplete and inconsistent document productions, that the crime-fraud exception applied. It thus implicated CHH and its counsel in felonious activity without proper evidentiary support. Going further, when petitioners asked the court to

---

[5]We reject as inconsistent with *Aparicio*, *Wickliffe*, *FCH1*, and *Leven* the suggestion in the unpublished order in *Sands China Ltd. v. Eighth Judicial District Court*, Nos. 68265, 68275, 68309, 2015 WL 6829520, *3 (Nev. Nov. 4, 2015) (Order Granting in Part and Denying in Part Petition for Writ Relief (Docket No. 68265), Granting Petition for Writ Relief (Docket No. 68275), and Denying Petition for Writ Relief (Docket No. 68309)), that this court's power to direct reassignment requires an affidavit or motion under NRS 1.235 or NCJC Canon 2, Rule 2.11.

clarify the basis for its conclusion that the crime-fraud exception applied at the hearing, the court declined to explain what crime or fraud it based its decision on or otherwise explain its ruling and instead instructed Bellavance to prepare a written order. Ultimately, the district court signed the order Bellavance prepared without changes, finding a violation of NRS 199.210 although that criminal statute had never been mentioned in any of the parties' arguments or the court's oral ruling.

These conclusory findings and premature legal conclusions strongly suggest that the court would have "substantial difficulty" putting aside her "previously-expressed views or findings" if she were to continue presiding over this case. *Montrose Chem.*, 104 F.3d at 1521. They also support that reassignment is needed to preserve the appearance of justice. *Id.*; *see Ybarra v. State*, 127 Nev. 47, 51, 247 P.3d 269, 272 (2011) (citing *Suh v. Pierce*, 630 F.3d 685, 691-92 (7th Cir. 2011), for the proposition that "due process requires [a] fair trial in [a] fair tribunal"). Last, we recognize that reassignment will require the duplication of proceedings as to sanctions, however, substantive motion practice and final pretrial proceedings have yet to occur. Thus, we conclude that reassignment will not "entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Montrose Chem.*, 104 F.3d at 1521; *Aparicio*, 137 Nev., Adv. Op. 62, 496 P.3d at 597 (reassigning for resentencing); *FCH1*, 130 Nev. at 435, 335 P.3d at 190 (reassigning a civil case on remand); *Echeverria v. State*, 119 Nev. 41, 44, 62 P.3d 743, 745-46 (2003) (reassigning a matter after vacating a sentence); *Wickliffe*, 104 Nev. at 783, 766 P.2d at 1326-27 (reassigning on remand to avoid an appearance of partiality).

## CONCLUSION

In summary, we conclude that the district court erred in applying the crime-fraud and at-issue exceptions to find petitioners waived

SUPREME COURT
OF
NEVADA

(O) 1947A

attorney-client and work-product privileges, that its finding of RPC violations by CHH's counsel are not supported by substantial evidence in the record before us, and that it erred in including Sheffield and UHS in the orders that are the subject of this writ petition.[6] Accordingly, we grant the petition. The clerk of this court shall issue a writ of mandamus instructing the district court to vacate its "Order Granting in Part and Denying in Part Defendant[s'] Motion for Clarification and Reconsideration of the Scope of the February 8th Evidentiary Hearing" and its "Order Denying Non-Party Greenberg Traurig, LLP's Motion to Quash Subpoenas."[7] We further direct the district court to request that the chief judge reassign this matter to a different department.[8] Finally, consistent with this decision, we lift the temporary stay entered by this court on March 7, 2022

It is so ORDERED.

_____ , J.
Hardesty

_____ , J.          _____ , J.
Cadish                                 Pickering

---

[6]These conclusions are not a comment on the merits of Bellavance's motion for sanctions. That motion will still need to be resolved following reassignment.

[7]As petitioners do not challenge that part of the district court's order requiring CHH to produce insurance disclosures from its other Nevada cases, we do not vacate that portion of the "Order Granting in Part and Denying in Part Defendant[s'] Motion for Clarification and Reconsideration of the Scope of the February 8th Evidentiary Hearing,"

[8]We decline Bellavance's request that we withdraw our previous writ regarding attorney Joseph Farchione's pro hac vice admission.

cc:  Hon. Nadia Krall, District Judge
John H. Cotton & Associates, Ltd.
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC/Las Vegas
Lipson Neilson P.C.
Greenberg Traurig, LLP/Las Vegas
Peterson Baker, PLLC
The Gage Law Firm, PLLC
Claggett & Sykes Law Firm
Eighth District Court Clerk